## No. 193.

VICKSBURG, SHREVEPORT AND PACIFIC RAILROAD vs. JOHN LAKE, SHERIFF AND EX-OFFICIO TAX COLLECTOR.

The action of the police jury, sitting as a board of reviewers, is of a *quasi* judicial character, and should not be disturbed except for cogent reasons and upon clear and satisfactory proof of error in assessment.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*Wise & Herndon* for Plaintiff and Appellant.

*Land & Land* and *M. S. Crain*, District Attorney, for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. The plaintiff company claim that a portion of their line of railway, situated in the parish of Caddo, with its rails, road-beds, etc., being of about twenty miles in length, was by the assessing officers thereof placed upon the parish assessment rolls for the year 1885, at a valuation of $170,000, and that said assessment and valuation is erroneous and greatly in excess of the actual cash value of same, "and is not equal and uniform, with assessments of similar property situated in other parts of the State of Louisiana, of equal or greater value.

They allege the true value of their property to be not more than $4,000 per mile, i. e., $80,000 for that section of their railway and appurtenances, and they pray that the assessment be reduced to that rate per mile.

The defendant avers that the plaintiffs' property was lawfully and fairly assessed for the sum of $170,000, "the actual cash value of its road-bed, iron, tracks, superstructures and other property in Caddo parish, subject to taxation, other than lands and lots assessed separately."

Quite a number of witnesses were interrogated with regard to the net revenues and running expenses of the road; also with regard to the date of its construction, the cost of its construction, present condition and approximate value.

Plaintiffs introduced in evidence a certificate from the Auditor of Public Accounts, showing in tabulated form what are the assessments for the year 1885 of different railways that traverse different parishes of the State, viz: Illinois Central, Mississippi Valley, Northeastern, Louisiana Western and Texas Pacific; but it does not include their own.

The assessment of plaintiffs' property in Caddo was, in 1884, as follows, viz:

VICKSBURG, SHREVEPORT AND PACIFIC.—1884.

| | |
|---|---:|
| City property | $ 6,400 00 |
| Lands | 20,000 00 |
| Bridge | 100,000 00 |
| Track, etc | 100,000 00 |
| | $226,400 00 |

The assessment for 1885, viz:

| | |
|---|---:|
| Value of lands...................................... ............ ......$ | 30,000 00 |
| City property.......................................... | 8,900 00 |
| Railroad track, etc................................ ..... | 170,000 00 |
| | $208,900 00 |

(Bridge not on roll, excluded in road-bed).

This shows that, notwithstanding the value of the bridge—separately assessed in 1884—entered into the assessment of plaintiffs' "railroad track, etc.," in 1885, the *total* assessment of their property had been reduced by the sum of $17,500.

The evidence discloses that plaintiffs made no effort to have the 1884 assessment reduced, and it may be fairly assumed that same was satisfactory.

The learned district judge, in his written opinion, says: " There can be no doubt that this bridge has increased the value of that part of the plaintiffs' line located in this parish.

" Without the bridge this part is valueless, except for the rent it pays, and is virtually a mere fragment of a road beginning at Shreveport and ending in an old field in Texas. It has not been operated by the plaintiffs' company for many years, and is now leased by the Texas and Pacific Company as an inlet into Shreveport from the west and north. The construction of the bridge has connected plaintiffs' system of roads east of the Mississippi and Red rivers, and greatly facilitated the handling of all freight and passenger traffic, which they may secure from the vast region west of the latter. In short the bridge supplies the missing link·in a chain of railroads connecting and extending eastward from this point to the Atlantic, and westward to the Pacific oceans.

" In view of these facts, it is idle for plaintiffs to deny that the bridge has increased the value of their road in this parish. If it has not, it is difficult to understand why they should expend so large a sum as $300,000 in its construction.

" The police jury properly considered the bridge as a factor in fixing the general value of the track lying within this parish.   *   *   They could not have done otherwise and not have violated the law."

Again: " It sometimes happens that a railroad is more valuable in one parish than in another, or more valuable in one than in another part of same parish.

"A great many circumstances go to produce this inequality of value. It may be better constructed, or more recently repaired, or traverse a more populous and productive country, or terminate in a thriving

town, or have better stations, or terminal facilities at one part than at another.

"In fact, a great number of circumstances might be cited as giving a local value to a road greater at one point along its line than at others in the same parish.

"The taxing authorities of every parish must take these things into consideration in fixing values, for the obvious reason that they are elements of value, and their duty under the law is to assess this value in the parish."

Again: "The assessor of Caddo has nothing to do with the valuation put upon railroads in the other parishes, nor can he regulate his valuation by an average of the several valuations of the different parishes, or by an approximation based upon the general value of a road as an entirety.

"This can be done only by a State board of equalization."

Again: "The board of review took into consideration all these different elements of value. It did not select any one mile of the twenty miles of road, as for instance that mile on which the bridge, depot, round-house and turn-table are situated—which, of course, is worth more than ten times as much as any other mile—and estimate the value of the whole road according to the value of this particular mile.

"They assessed the whole twenty miles at $170,000, and found that this amount represented the sum of the values of the several elements considered of—in other words the value of the track and its appurtenances which included the bridge."

The judge a quo heard all the witnesses and carefully weighed and considered their evidence. He concludes his opinion by saying: "The valuation of this property by the assessor was reviewed by the police jury, a body of men supposed to be acquainted with the value of the different subjects of taxation in the parish.

"Their action in the premises is quasi judicial, and is presumed to be based on evidence and inquiry.

"It ought not to be disturbed unless proved to be erroneous, and I cannot say that such proof has been administered in this case."

We have read carefully all the evidence in the record, and it has convinced us of the correctness of his conclusions.

Judgment affirmed.