LAND, J.
Relator’s counsel in his brief presents the question of law to be solved as follows:
“The main issue in this case is whether or - not the prescription of two years, provided 'in the statutes governing1 expropriation of property by corporations, applies to cases when the property has neither been expropriated under the'law nor obtained by conventional deed.
“The record shows that the defendant is using the land of the plaintiff for a right of way, and that it holds it without deed or decree of expro- . priation.
“The suit is for the value of the land used and expropriated for said right of way, which is in the very center of plaintiff’s plantation, and comprises 3.75 acres.
“Also for damages caused by the impairment of drainage, etc., for all of which plaintiff. asks judgment in the sum of $1,862.50.
“The district court sustained the plea of prescription of two years and dismissed plaintiff’s action.
“The Third Circuit Court of Appeal affirmed the judgment, and the Case is before you on a writ of review.”
It appears that in the year 1895 the St. Louis, Avoyelles & Southwestern Railway Company constructed its road over the plantation of the plaintiff, and used the right of way in question until July, 1896, when the company went into the hands of receivers,, who operated the road until July, 1898, when, by a judicial sale ordered by the United States Circuit Court, the property passed into the hands of Emile Carlsbach, who in April, 1899, sold the same to the Avoyelles Railway Company, the author of the defendant company.
The evidence shows that the previous consent of the relator was not obtained, but that she made no objections to the construction and operation of the railroad through her premises, and urged 110 Claim for compensation until the present suit was instituted on October 20, 1903.
Defendant pleaded the prescription of two' years provided by section 1, Act No. 96, p. 142, of 1896, amending and re-enacting section 1479 of the Revised Statutes of 1870, so-as to read in part as follows:
“All claims-for lands or damages to the owner-caused by its taking or expropriation for such públic works sháll be barred'by two years prescription which- shall commence to run from the date at which the land was actually occupied and used for the construction of the works.”
Section 1479 and section 698 of the same-statutes as well as article 2630 of the Revised Civil Code are identical in terms, and their last sentence reads as follows:
“All claims for lands or damages to the owner caused by its'expropriation for the construction of any public works, shall be barred by two years prescription which shall commence to run from the date -at which the land‘was actually occupied and used for the construction of the works.”
The only change made by the act of 1896-was the interpolation of the words “taking or” before the word “expropriation.” The-original law was enacted in 1855 by Act No. 38, p. 32, and was intended to meet the contingency of the expropriating company of taking possession after the award of the-jury but before payment of compensation. *457 See Mitchell v. Ry. Co., 41 La. Ann. 363, 6 South. 522.
Such a taking of possession is now forbidden by the organic law which prohibits it unless the compensation be first paid. Const. 1898, art. 167. Defendant's contention is that the word “taking” thus interpolated into the text means appropriation, without due process of law or legal right, and that the lawmaker intended to make a trespass of this kind the basis of the short prescription of two years barring all claims of the owner for the land ■or damages. All the presumptions of law are against such a construction. Section 1479 of the Bevised Statutes of 1870, which was amended by Act Bo. 96, p. 142, of 1896 is under the title, “to provide for the expropriation of lands for railroads and other works of public utility.” This section was amended in 1886 so as to include the state or any political corporation created for the purpose of exercising .any portion of the governmental powers of the state.
The title of Act Bo. 96, p. 142, of 1896, is to amend and 're-enact the section as thus amended, and to provide for the expropriation of property for purposes of charitable hospitals' and public schools.
Hence, the lawmaker was legislating on the subject-matter of the judicial expropriation of private property for public purposes.
Conceding, then, that the word “taking” may mean appropriation without due process of law, the question remains whether the lawmaker used it in this sense. The conjunction “or” may be used as a disjunctive or as an equivalent.
We quote from Webster’s International Dictionary as follows:
“Or may be used to join as alternatives terms expressing unlike things or ideas or different terms expressing the same thing or idea.”
The Constitution of the United States provides that no person shall be deprived of his property without due process of law.
Article 2 of the Constitution of 1898 provides that no person shall be deprived of property “except by due process of law.”
Article 167 of the same instrument declares that “private property shall not be taken nor damaged for public purposes without just and adequate compensation being first paid.”
This article was copied from the Constitution of 1879.
The word “taken” as thus used necessarily means an “expropriation” by due process of law, as this is the only constitutional mode by which a person may be deprived of his property.
Hence the same term as used in the expropriation statute of 1896 must be held to mean a legal taking or expropriation, and not unlawful appropriation.
We are not advised that the term “taking” has ever been used in any statute relative to the exercise of the power of eminent domain in the sense of a trespass on real estate.
It cannot be presumed that the lawmaker intended to use the term “taking” as the equivalent of unlawful appropriation.
The title and context of the statutes and the organic law of the state forbid such a conclusion.
We cannot on the face of the act presume the deliberate legislative intention of interpolating in an expropriation statute a new law of prescription to enable corporations to acquire title to lands by mere occupancy, without legal right or title, for the short period of two years from the date of the trespass.
Such a construction would render the act unconstitutional, because the object is not expressed in the title, and is not germane to the expressed object of amending a statute relative to the expropriation of lands by judicial proceedings. Article 31 of the Constitution of 1898 reads:
“Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.”
What can be more foreign to a statute providing for the expropriation of land for pub- *459 lie purposes by judicial proceedings, and specially declaring that the plaintiff corporation shall not take possession without previous payment of the amount awarded by judgment of the court, than a special law of prescription, enabling a corporation to deprive the owner of his land and all claims for damages by a continued trespass for two years?
We conclude that the Legislature had no intent to violate the organic law by the interpolation of another and distinct object in the amendatory statute or by giving legal effect to the unlawful taking of property without compensation first paid by the enactment of a special law of prescription in favor of quasi public corporations.
This case was tried on its merits, but went off on the plea of prescription.
We do not think it our province in a proceeding of this kind to pass on questions of fact not considered in the courts below.
It is therefore ordered, adjudged, and decreed that the judgment of the district court and of the Court of Appeal rendered herein be reversed, and it is now ordered and decreed that the plea of prescription filed by defendant be overruled, and this cause be remanded to the district court for further proceedings according to law; defendant to pay costs in both appellate courts.
BREAUX, C. J. I concur in the decree.