(41 South. 723.)

No. 16,060.

SCOVELL et al. v. ST. LOUIS SOUTH-WESTERN RY. CO.

In re ST. LOUIS SOUTHWESTERN RY. CO.

(June 22, 1906.)

1. EXPROPRIATION — PRESCRIPTION—APPLICABILITY.

Mrs. Volcy Amet v. Texas & Pacific Railroad Company, 41 South. 721, reaffirmed, to the effect that the prescription of two years under Act No. 96, p. 142, of 1896, applies only where the property has been taken in pursuance of a judgment of expropriation.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 783–785.]

2. PRESCRIPTION—MINORS.

Prescription of 10 years does not run against minors.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 390–398.]

3. RAILROADS—RIGHT OF WAY—PAYMENT BY RAILROAD COMPANY.

A plantation was seized and sold after a railroad had appropriated and had been for some time using a right of way through it, and afterwards was repurchased, no mention being made in either sale of the right of way. Held, that the right of way did not pass with the plantation at the sheriffs' sale, and that the obligation to pay for it, which the railroad owed to the owners at the time of the appropriation, continued to be a debt due to these owners after they had repurchased the property.

[Ed. Note.—For cases in point. see vol. 18, Cent. Dig. Eminent Domain, §§ 405–416.]

4. SAME—DEDICATION.

From this debt the railroad was not liberated by the act of the owners in laying off the land into streets and squares, according to a map placed of record, and selling lots as per the map. A railroad cannot acquire property by dedication, and no one pretends that the right of way in question belongs to the public.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Caddo.

Action by Mrs. Mary Lee Scovell and others against the St. Louis Southwestern Railway Company. Judgment for plaintiffs, and the defendant applies for certiorari or writ of review to the Court of Appeal. Affirmed.

See 38 South. 582, 114 La. 847.

Alexander & Wilkinson, for applicant. Charles Latham Gaines and Thomas Fletcher Bell, Jr., for respondents.

PROVOSTY, J. The two plaintiffs are owners · of the Plain Dealing and Shady Grove plantations, and sue the defendant railway company for the value of the right of way which it occupies across the places. The company took possession without title, but with the consent of the father and tutor of plaintiffs, who, by the way, was also the vice president of the company. This was in 1888, and the road has been in ac-

tual operation ever since. The plaintiffs were emancipated and dispensed from attaining the age of majority on August 2, 1896, and October 20, 1897, respectively. This suit was instituted in October, 1903. For part of the distance on Plain Dealing plantation, the road traverses the town of Plain Dealing, which was laid out into squares and streets by the father and tutor of plaintiffs, according to a map placed of record by him; and since their emancipation the plaintiffs have made sales as per this map. The plaintiffs lost the ownership of Shady Grove plantation, by a sheriff's sale made in 1895; but they repurchased the property in 1899. In these sales no mention was made of the railroad, or of the right to sue for the value, or use, of the land taken by it.

The first defense is the prescription of two years, under Act No. 227, p. 457, of 1902, amending Act No. 96, p. 142, of 1896, amending Act No. 117, p. 215, of 1886, amending Rev. St. § 1479, which is Act No. 38, p. 32, of 1855, incorporated in Civ. Code, art. 2630.

After thorough and mature consideration, this court held, in the case of Mrs. Volcy Amet v. Texas & Pacific R. R. Co., ante, p. 453, 41 South. 721, that this prescription applies only where the property has been taken in pursuance of a judgment of expropriation. Hence the prescription is inapplicable in this case.

The next defense is the prescription of 10 years, by which continuous and apparent servitudes are acquired, and personal actions are barred.

Article 3522, Civ. Code, provides that prescription does not run against minors "except in the cases provided by law." The cases thus provided by law are specified in article 3541, Civ. Code; and the prescription of 10 years is not one of them. The plaintiffs were minors up to the time of their emancipation in 1896 and 1897; hence this plea of prescription is not good.

The learned counsel for defendant say that the prescription of 10 years here invoked is not properly a prescription, but in the nature of a perpetual bar, and, as such, applies to minors. We fail entirely to see the force of this argument. The lapse of time by which a servitude is acquired, and by which a liberation from debts is effected, is certainly a prescription. It comes exactly within the codal definition of prescription.

The next defense has reference to Shady Grove alone. It is that, when plaintiffs reacquired the property, they got it in the condition in which it was; that is to say, with the railroad upon it, and that they cannot now object to the railroad's being upon it.

In answer to this, the plaintiffs say that they were owners of the plantation when the railroad came upon it and took possession of the right of way. That the effect of this taking was to segregate this right of way from the rest of the plantation, so that at the sheriff's sale, it did not pass as part of the plantation, but remained in the hands of the railroad; and that it so remained subject to the obligation to pay for it. That this obligation was a debt due to them, and has continued to be a debt due to them, not paid, and not prescribed.

This appears to us to be a complete answer.

The next defense is that, by laying off the property into squares and streets according to a map, and recording the map, and making sales as per the map, the plaintiffs have dedicated the right of way to the public.

This defense, we assume, has been put in only for what it might be worth. It is without merit. No one pretends that the public owns this right of way, and it is well settled that a railroad cannot acquire property by dedication. 9 A. & E. E. of Law, p. 23.

The judgment of the Court of Appeal is affirmed.

BREAUX, C. J. I concur in the decree.