(66 South. 304)

No. 20678.

FESTIVAN et al. v. CLEMENT et al.

In re FESTIVAN et al.

(Oct. 19, 1914.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE (§ 274*)—COMMUNITY PROPERTY—DESCENT.

Where the deceased had been thrice married, and had acquired during his first marriage certain real estate, on the death of his first wife, her undivided half interest in the property passed to the minor children of the marriage.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026–1031; Dec. Dig. § 274.*]

2. HUSBAND AND WIFE (§ 276*)—COMMUNITY PROPERTY — ADMINISTRATION — PAYMENT OF DEBTS.

Where the father died 30 years later, and his succession was opened, and said real estate

was ordered and advertised to be *sold as a whole*, to pay the debts of the deceased, *held*, that the heirs of the first wife had the legal right to oppose the sale of their undivided half interest in the property, and could not be remitted to a future litigation with a prospective purchaser.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1032–1045; Dec. Dig. § 276.*]

3. HUSBAND AND WIFE (§ 276*)—COMMUNITY PROPERTY—ADMINISTRATION—SUCCESSION OF HUSBAND.

Community property cannot be administered in the succession of the husband, except when necessary for the payment of community debts. Where no such debts exist, the probate court is without jurisdiction to administer in the succession of the husband the undivided half interest of the wife or her heirs in the community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1032–1045; Dec. Dig. § 276.*]

Certiorari to Court of Appeals, Parish of Webster.

Action by W. H. Festivan and others against O. P. Clement and others. A judgment for plaintiffs in the district court was reversed on appeal to the Court of Appeals, and the suit dismissed; and plaintiffs apply for certiorari or writ of review. Reversed and remanded.

Harmon C. Drew, of Minden, for plaintiffs. Stewart & Stewart, of Minden, for defendants.

LAND, J. The plaintiffs' petition presents the following state of facts:

They are the heirs of A. J. Festivan, deceased, late of the parish of Webster, and of his first wife, Mary Ann Festivan, who died in the year 1874.

The said parties were married in the year 1864, and in the year 1866 Festivan bought, for $1,500 in cash, a certain described tract of land containing 160 acres.

The said tract belonged to the community, and the plaintiffs inherited from their mother an undivided one-half interest therein. Plaintiff's father subsequently was twice married, and in the course of time died, leaving a succession, represented by an executor, who obtained an order of court for the sale of said tract of land, as a whole, for the purpose of paying the debts of the deceased. The property was advertised for sale by the sheriff for February 5, 1912, and plaintiffs enjoined the sale on the ground that the property could not be sold until their interest was ascertained by judicial investigation followed by partition, and that they would be irreparably injured by said sale.

The suit was directed against the sheriff and the executor, but subsequently, by order of court, the children of the decedent by his second and third marriages were made parties to the suit.

The defendants interposed several exceptions, among them one of no cause of action.

In the district court judgment was rendered in favor of the plaintiffs. On appeal to the Court of Appeals, the judgment was reversed, and the suit was dismissed.

The case is before us on a writ of review granted on the application of the plaintiff.

[1-3] The Court of Appeals held that the petition disclosed no cause of action, and its decree reversed the judgment below and dismissed the suit without reservation. Under this decree, the tract of land in question may be sold as a whole to pay the debts of the succession, which has only an undivided half interest in the property.

The Court of Appeals bases its decision on the case of Rapides Lumber Company v. Hartiens, 111 La. 794, 35 South. 910, in which it was held, as stated in the syllabus, that:

"Plaintiff, in possession as owner, has no right to enjoin a probate sale of real estate on the grounds that the succession has no title to the property."

This doctrine was based on Seymour v. Bourgeat, 12 La. 123, in which the court, speaking through Justice Martin, said:

"In settling the estate of a decedent or insolvent person, it is often convenient not to wait until contested claims against parts of it may be enforced by suit.

"In such cases the rights of the estate are alone sold. The Civil Code recognizes the sale of litigious rights, and the courts have no authority to prevent it."

The same court further said that the succession sale of the property could not affect the plaintiff's rights of ·title or possession.

In the Rapides Lumber Company Case this court, Monroe, J., dissenting, adopted the views above expressed.

In both cases the plaintiff was a third person in actual possession of the real estate, and his sole ground of injunction was that the succession did not own the land advertised for sale. The actions were not petitory or possessory, or of slander of title, and this court said:

"If the succession has not title, the purchaser can acquire none, and, if the land be sold at succession sale, the legal rights and remedies of the plaintiff will not be affected."

If the case supra be in point, the right of the plaintiffs to hereafter sue for a half interest in the property should have been reserved in the decree.

. But we do not think that said cases are applicable to the state of facts disclosed in plaintiff's petition. According to the allegations of the petition, the plaintiffs and the succession of Festivan are the joint owners of the tract of land in controversy. The plaintiffs, as joint owners, are entitled to a partition in kind of the property, if practicable, and, if not, to a partition by licitation, in which they would be entitled to one-half of the net proceeds of the sale. All of these rights would be defeated by the proposed probate sale of the tract of land as the property of the succession. If the plaintiffs had not asserted their title, a purchaser at the probate sale might have successfully pleaded estoppel against them.

It is not disclosed by the petition that the first community owed debts either to the surviving husband, or to third persons. Hence the petition discloses a perfect legal title in the plaintiffs to an undivided half interest in and to the tract of land in question. Heirs of Murphy v. Jurey & Gillis, 39 La. 785, 2 South. 575. Plaintiffs' father became their coproprietor, with power to sell *only* his undivided half interest in the community property. Bennett v. Fuller, 29 La. Ann. 663.

When the father died years later, his half interest and no more passed into his succession. The other half interest belonged to the plaintiffs, and the probate court had no jurisdiction to order its sale to pay the debts of the deceased. In such cases the law provides for a partition between the succession and partner or co-owner.· Civil Code, arts. 1135–1137.

The petition alleges that the probate sale was ordered "for the purpose of paying off the debts of the deceased, A. J. Festivan." As the first community was dissolved in 1874, its debts, if any, have long since been prescribed. There is no presumption that the first community owed debts. Hence the cases holding that community property may be administered in the succession of the husband for the purpose of paying community debts have no application to the facts of the case before us. ·

As the suit was dismissed on the exception of no cause of action, it is necessary to remand the case to the Court of Appeals for decision on the merits.

It is therefore ordered that the judgment of the Court of Appeals herein be reversed, and it is now ordered that the exception of no cause of action be overruled, and that this cause be remanded to said court for decision on the merits. Costs of this proceeding to be paid by the succession.

PROVOSTY, J., concurs in the decree.