(99 South. 583)

No. 25902.

## SANDERS v. OHIO OIL CO. et al., and four other cases.

(Feb. 4, 1924. Rehearing Denied by Division B March 10, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Principal and agent &copy;&rarr;103(7)—Mandate; power of attorney held insufficient to authorize sale of realty; "administration."**

A power of attorney executed by heirs to carry out contracts entered into by a named party, to make purchases and sales as might be necessary, to receive and pay out such moneys as might be due to or from the succession, *held* to confer only the power of "administration" within Civ. Code, art. 2996, and not to give power to dispose of real estate or an interest in the succession; such power not having been expressly given, as required by article 2997.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Administration.]

**2. Principal and agent &copy;&rarr;13—Mandate; power of attorney not accepted by mandatory held not to authorize sale of realty.**

If a power of attorney sufficient to authorize the sale of land was not accepted by the mandatory, either expressly or tacitly, as re-

quired by Civ. Code, arts. 2988 and 2989, it is insufficient to support a sale thereunder.

### 3. Frauds, Statute of ⊚⟶116(5)—Verbal testimony not admissible to prove that owner of realty sold by another consented to the sale.

In a suit to recover an interest in realty, where defendants relied on the ten-year prescription under Civ. Code, art. 3478, and to do so attempted to show by parol that a married woman had verbally consented to the sale of her interest in the land by her husband, an objection that the authority of the person to sell realty belonging to another must be in writing should have been sustained.

### 4. Limitation of actions ⊚⟶72(3)—Prescription; ten-year statute of prescription held not to defeat claims of minors.

The prescription of ten years under Civ. Code, art. 3478—Act No. 161 of 1920, amendatory thereof, being inapplicable—does not defeat the claims of minor children, in view of articles 3521, 3522, and 3554; the cases in which prescription does run against minors being specified in article 3541.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Consolidated actions by Roy V. Sanders, tutor, against the Ohio Oil Company and others, against A. P. Milner and others, against G. A. Hilburn and others, against S. R. Parker and others, and against J. H. Hearn and others, respectively. Judgment for plaintiff in each suit, and defendants appeal. Affirmed as against all defendants except the Ohio Oil Company, the Gulf Refining Company, and J. E. Smitherman, defendants in all suits, and dismissed as to such defendants.

J. S. Atkinson and Smitherman & Tucker, all of Shreveport, for appellants.

Goff & Barnette, of Arcadia, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The defendants in five petitory actions have appealed from the judgments rendered against them. The suits have been tried as one case, because the issues and the pertinent facts in each case are the same.

The suits are brought on behalf of two children, Margaret and Mary Sanders, issue of plaintiff's marriage with Lillie Mae Garrett, who is dead. As a matter of convenience, we will refer to the Misses Sanders as the plaintiffs or appellees.

One of the suits is to recover a thirty-sixth interest in the E. ½ of N. W. ¼ of Sec. 13, in Tp. 23 N., R. 8 W. The four other suits are to recover a thirty-sixth interest in certain parts of the S. E. ¼ of Sec. 22, in the same township.

Three of the appellants, namely, the Ohio Oil Company, the Gulf Refining Company and J. E. Smitherman, are defendants in all of the five cases, because they hold oil leases from the parties in possession as owners of the lands. The codefendants in the suit affecting the E. ½ of N. W. ¼ of Sec. 13 is F. M. Taylor, the lessor in possession as owner of the land. The codefendants in the four suits affecting the S. E. ¼ of Sec. 22 are, respectively, A. P Milner, G. A. Hilburn, S. R. Parker and J. H. Hearn, each being the lessor in possession as owner of a part of the land.

Oil was being produced from the land claimed in section 22 when these suits were filed. The plaintiffs therefore obtained a rule to show cause why the oil should not be judicially sequestered; but it was afterwards agreed that the oil companies should retain the proceeds of the oil subject to a final decision of the question of title to the lands.

The plaintiffs claim title by inheritance from their mother, Mrs. Lillie Mae Garrett Sanders, who died on the 26th of October, 1918. She was one of the four children of Mrs. Margaret Bond Garrett, who died in October, 1911. Mrs. Garrett was one of the nine children of the marriage of R. P. Bond and Mrs. Jane C. Bond. Mrs. Bond died some time previous to the year 1888, and Mr. Bond died on the 20th of May, that year.

The two tracts of land, of which the plaintiffs here claim a thirty-sixth interest, belonged to the marital community between Mr. and Mrs. R. P. Bond, and Mrs. Margaret Bond Garrett, grandmother of the plaintiffs, inherited a ninth interest in the lands. That fact is not disputed.

The defendants contend that Mrs. Margaret Bond Garrett, who was the wife of A. J. Garrett, disposed of her ninth interest in the lands, in a settlement of the succession of her father and mother. Having no deed from Mrs. Margaret Bond Garrett, the defendants plead the prescription of ten years, basing the plea upon their possession of the lands, under title deeds apparently valid.

In the suit affecting the E. ½ of N. W. ¼ of Sec. 13, the defendants trace their title through mesne conveyances commencing with a deed from W. A. Harris to H. W. Garrett, dated the 2d of January, 1902. Garrett sold the land to S. C. Waller on the 14th of September, 1917, and he sold it to the defendant F. M. Taylor on the 22d of October, 1917. The defendants did not, in their answer to the suit, say how W. A. Harris acquired title. As a matter of fact, his title was founded upon a deed from A. J. Garrett to him, dated the 26th of August, 1889, and a deed given by the heirs of Mrs. Jane C. Bond to A. J. Garrett, dated the 4th of January, 1888. That deed, however, was not signed by Mrs. Margaret Bond Garrett, the wife of A. J. Garrett and grandmother of the plaintiffs. The deed for her ninth interest in the land would not have been valid if she had signed it, for the very reason that the sale was made to her husband. Rev. Civ. Code, art. 2446.

In the four suits affecting the S. E. ¼ of Sec. 22, the defendants trace their titles back through mesne conveyances commencing with a deed from W. M. Lowe to J. D. Short, dated the 1st of October, 1900. The defendants did not, in their answers to the suits,

say how W. M. Lowe acquired title. As a matter of fact, he and O. D. Lowe bought the land from T. T. Lowe on the 4th of January, 1898; and O. D. Lowe sold his half interest to W. M. Lowe on the 20th of February, 1899. T. T. Lowe had bought the land from the heirs of the deceased R. P. Bond and wife, on the 28th of December, 1888. The deed was not signed by Mrs. Margaret Bond Garrett, but was signed by her husband, A. J. Garrett, under an express obligation to warrant and defend the title, as if he was one of the nine heirs owning the land.

In support of the allegation that Mrs. Margaret Bond Garrett had disposed of her ninth interest in the succession of her father and mother, the defendants introduced in evidence three documents, viz.: (1) A power of attorney given by the heirs of R. P. Bond and wife to T. T. Lowe, dated the 5th of June, 1888; (2) a receipt given to T. T. Lowe by several of the heirs of R. P. Bond and wife, for the shares received from the succession of R. P. Bond, the receipt being also dated the 5th of June, 1888; (3) an agreement on the part of several of the heirs of R. P. Bond to settle the succession out of court, the agreement being dated the 6th of June, 1888.

The receipt given by some of the Bond heirs to T. T. Lowe, dated the 5th of June, 1888, and the agreement on the part of some of the heirs, dated the 6th of June, 1888, to settle the succession out of court, have no importance in these suits, because the documents were not signed by Mrs. Margaret Bond Garrett. We say that these documents are not important; but they are somewhat important in this, that the absence of Mrs. Garrett's signature from the documents which are signed by the other heirs of R. P. Bond and wife is a circumstance in favor of the plaintiffs' claim that Mrs. Garrett did not dispose of her ninth interest in the succession of her parents.

[1] The power of attorney given by the Bond heirs to T. T. Lowe, dated the 5th of June, 1888, did not authorize a sale of real estate. It merely authorized Lowe, in a general way, to manage the succession, viz.:

"To carry out contracts already entered into by the said R. P. Bond for the year 1888, to make such purchases and sales as may be necessary, to receive and pay out such' moneys as may be due to or from the said succession. valued at nine thousand three hundred and fifty-three dollars ($9,353), giving and granting unto our said agent full power and authority generally to do and perform all and everything whatsoever required or proper to effect all or any of the premises, with the same validity as if we personally present might or could do."

A power of attorney given in such general · terms confers only the power of administration. Rev. Civ. Code, art. 2996. A power of attorney to sell or otherwise dispose of real estate, or of an interest in a succession, must be given expressly. Rev. Civ. Code, art. 2997.

[2] Even if the power of attorney given by the Bond heirs to T. T. Lowe could be construed as having given him authority to sell the real estate belonging to the heirs, it is a matter of no importance here, because there is no evidence that T. T. Lowe ever undertook to exercise such authority. Even for the purpose of administering the succession, the mandate was not completed by an acceptance of it by Lowe, either expressly or by an exercise of the authority conferred. A contract of mandate is completed only by its acceptance by the mandatory, either expressly or tacitly. Rev. Civ. Code, arts. 2988 and 2989.

The defendants have failed to show that Mrs. Margaret Bond Garrett ever disposed of her ninth interest in the succession of her parents. The remaining question is whether the defendants have acquired title by the prescription of ten years, under article 3478 of the Civil Code.

The plaintiffs introduced in evidence the deeds showing that the defendants' titles were founded upon sales made by A. J. Garrett of the separate property of his wife. The purpose was to show that the prescription of ten years was suspended until Mrs. Margaret Bond Garrett died. The defendants' attorneys objected to the evidence, on the ground that they had not pleaded in their answers that their titles had emanated from sales made by A. J. Garrett of the property of his wife. The district judge ruled that the deeds were admissible in evidence for the purpose for which they were offered; that is, to show that, because of the origin of the defendants' titles, the prescription of ten years was suspended during the lifetime of Mrs. Margaret Bond Garrett. If she had sued for her ninth interest in the lands, her husband would have been liable in warranty to defend the titles, and the suit would have been, in effect, a suit against him. Article 3523 of the Civil Code declares that there is no prescription between husband and wife; and the second paragraph of article 3525 declares that prescription is suspended during marriage:

"2. When the husband, having sold the separate property of his wife, without her consent, is bound in warranty for the validity of such sale; and in every case when the action of the wife may be prejudicial to her husband."

[3] The husband's "having sold the separate property of his wife without her consent" means, of course, without her written consent. The defendant's attorneys attempted to prove by parol evidence that Mrs. Margaret Bond Garrett had given her consent verbally that her husband should sell her interest in this land. The evidence was objected to on the ground that the authority of a person to sell real estate belonging to another person had to be given in writing and could not be proven by verbal testimony. The judge ruled that the objection had reference, not to the admissibility of the evidence but to its effect. The objection should have been

sustained. Verbal testimony is not admissible to prove that the owner of real estate which was sold by another person consented to the sale.

Mrs. Margaret Bond Garrett, as we have said, died on the 14th of October, 1911. Then the right of action to recover her ninth interest in the lands, which her husband had sold, devolved upon her daughter, Mrs. Lillie Mae Sanders, subject to the prescription of ten years. Seven years later, as we have said, Mrs. Lillie Mae Sanders died, leaving the two children, who are the plaintiffs in these suits; and, because of their minority, the prescription of ten years was again suspended, or interrupted. If Mrs. Lillie Mae Sanders had survived her mother ten years, her 'right of action would have been lost by prescription; but she survived her mother only seven years.

The defendants invoke the Act 161 of 1920, p. 251, amending article 3478 of the Civil Code. Originally the article declared:

"He who acquires an immovable in good faith and by a just title prescribes for it in ten years."

As amended, the article reads:

"He who acquires an immovable in good faith and by a just title, prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of the said minor; provided that this prescription shall run against the heirs of said minor and shall not be interrupted in favor of any minor heirs of said minor. Provided that this act shall take effect on January 1st, 1922."

The amendment is not appropriate here. The declaration that the prescription of ten years shall run against married women did not go into effect until the 1st of January, 1922, and was therefore not in effect during the lifetime of Mrs. Margaret Bond Garrett. The declaration that, "as to minors, this prescription shall accrue and apply in twenty-

two years from the date of the birth of said minor," is not very plain in its meaning. Neither is the proviso "that this prescription shall run against the heirs of said minor and shall not be interrupted in favor of any minor heirs of said minor" quite plain in its meaning. Whatever the amendment means, with regard to minor children, it is not applicable to either of the plaintiffs here, because the suits were brought within the period of twenty-two years from the date of the birth of the elder of them.

[4] Without regard for the amending statute of 1920, the prescription of ten years, under article 3478 of the Civil Code, does not defeat the claims of minor children. It is true, article 3521 of the Code declares that prescription runs against all persons except those who are especially excepted; but the next following article declares that prescription does not run against minors or interdicted persons, "except in the cases provided by law." And article 3554 repeats that prescription does not run against minors or persons under interdiction, "except in the cases specified by law." The cases in which prescription does run against minors or interdicted persons are specified in article 3541 of the Code, in the section treating of prescription liberandi causa; and the only prescriptions specified are those of one, of three, and of five years. Therefore, aside from the amending statute of '1920—whatever it means—the prescription of ten years, under article 3478 of the Civil Code, does not defeat the claims of minor children. See Jenkins v. Salmen B. & L. Co., 120 La. 549, 45 South. 435; Tyler v. Lewis, 143 La. 229, 78 South. 477.

After these cases were argued and submitted for decision, a petition was filed jointly by the plaintiff, Roy V. Sanders, tutor, and the defendants Ohio Oil Company, Gulf Refining Company and J. E. Smitherman, submitting a copy of an agreement of compromise entered into among them, and praying

that the suits should be dismissed as to them. It appears that, for a cash payment of $15,000, those defendants acquired seven-eighths of the thirty-sixth interest in the mineral rights claimed by plaintiffs in the E. ½ of N. W. ¼ of Sec. 13, in Tp. 23 N., R. 8 W. The plaintiff, as tutor, reserved the right to continue prosecuting the suits against the other defendants, to recover an eighth royalty interest in the thirty-sixth interest in the mineral rights in both tracts of land, and to recover a thirty-sixth interest in the surface of the S. E. ¼ of Sec. 22, Tp. 23 N., R. 8 W. The compromise agreement, which is dated the 20th of October, 1923, was approved by a decree of the district court.

The judgments appealed from are affirmed against all of the defendants, except the Ohio Oil Company, the Gulf Refining Company and J. E. Smitherman, as to whom the suits are dismissed, in accord with the compromise agreement, dated the 20th of October, 1923. The defendants, appellants, are to pay all court costs.

Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.