No. 3035

**Second Circuit**

POINTDEXTER ET AL. v. LOUISIANA & ARKANSAS RY. CO.
(CARTER ET AL. Called in Warranty)

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)
(March 31, 1930. Reversed by Supreme Court on Writ of Certiorari and Review.)

Blanchard, Goldstein & Walker, of Shreveport, attorneys for plaintiffs.

White, Holloman & White, of Alexandria, and Wilkinson, Lewis, Wilkinson & Buford, of Shreveport, attorneys for defendant and warrantors.

REYNOLDS, J. Plaintiffs, Jane Pointdexter, and Helen Pointdexter sued the Louisiana & Arkansas Railway Company to be recognized as the owners of an undivided half of lots 15 and 16 of block 2 of the John N. Howell subdivision of the city of Shreveport, La., and for a partition of the property in kind or by licitation; alleging that the entirety of the property was acquired by their father, Robert B. Pointdexter, on February 16, 1892, by recorded title, during the existence of a community of acquets and gains between him and their mother, Mrs. Alice G. Pointdexter; that their mother died in February, 1897; that they were the only children and sole heirs of their father and mother; that their mother left a last will and testament constituting them her sole heirs; that the will was duly probated and ordered executed; and that they thereby became owners of an undivided half of the lots of ground described.

They further allege that the Louisiana & Arkansas Railway Company is a corporation organized under the laws of the state of Arkansas, and operating a railroad partly within the state of Louisiana, and is in possession of the described property, and claims to own the entirety thereof in virtue of mesne conveyances going back to one made by Thomas B. Chase as executor of the last will and testament of Robert B. Pointdexter to Foster Carter, and that this sale was only pretended.

Defendant denied that plaintiffs were the owners of an undivided half or any other interest in the property, or that they were entitled to a partition of it in kind or by licitation, and denied that the sale by Chase as executor to the author of its title, Foster, was pretended, and averred that, on the contrary, the sale was legal and legally made for the purpose of paying debts legally owing by the community existing between plaintiffs' father and mother; and it further averred that, even were it otherwise, the plaintiffs, as beneficiary heirs of their father, would be estopped to question the validity of the sale.

It further alleged that it purchased the property in good faith, by warranty deed translative of property, duly recorded, from Felix H. Drake and William Buchanan; that they purchased it in good faith, by warranty deed translative of property, duly recorded, from Foster Carter; and that Foster Carter purchased it in good faith,

by warranty deed translative of property, from the succession of Robert B. Pointdexter.

It further alleged that it and the authors of its title had, in good faith, been continuously in actual physical possession of the property as exclusive owners of it ever since the sale to Foster Carter, and that it had been in such possession of the property and using it for railroad purposes ever since it purchased the property from Drake and Buchanan April 27, 1909.

And it pleaded the prescriptions of two, four, five, ten, and twenty years in bar of plaintiffs' action.

In a supplemental answer, the defendant alleged, in the alternative "that the property involved in the suit is actually used and occupied by defendant railroad for railroad purposes and has been for fifteen years, more or less, and is absolutely essential to the operation of defendant company, and that plaintiffs in no event can recover the same or dispossess your defendant from same."

Defendant called the widow and heirs of Foster Carter in warranty, and they answered and set up the same defenses as the defendant did.

On these issues the case was tried, and judgment as follows was rendered:

"In this case, the court being of the opinion that the plaintiffs, Jane and Helen Pointdexter, acquired a valid title to an undivided one half interest in and to lots 15 and 16 of block 2 of the John N. Howell subdivision in the city of Shreveport, Louisiana, as per map recorded in conveyance book 'P', page 911, of the records of Caddo parish, Louisiana, by inheritance from their mother, Mrs. Alice G. Pointdexter, and that such title was not divested either by the administrator's sale made in the succession of Robert B. Pointdexter, or by any prescription thereafter accruing, and

being further of the opinion that the plaintiffs are precluded from asserting their rights of ownership of such undivided one-half interest by reason of the fact that the property is being used by the defendant Louisiana & Arkansas Railway Company as an integral and necessary part of its railway system, it is ordered, adjudged and decreed:

"(a) That the various pleas of prescription filed by defendant be and they are overruled.

"(b) That plaintiffs' demands for recognition of their ownership of an undivided one-half interest in and to the aforesaid property, and a partition thereof, be and they are hereby rejected.

"(c) That plaintiffs' right to obtain adequate compensation for the taking of their property by the defendant railway company in an appropriate proceeding therefor, be and it is hereby recognized and reserved.

"It is further ordered, adjudged and decreed that plaintiffs pay the cost of this suit, and that the rights of the defendant, the Louisiana & Arkansas Railway Company, against its warrantors, Mrs. Alice Guy Carter, Mrs. Alice Reel Hodges and Louis Guy Carter, be and they are hereby reserved."

From this judgment the plaintiffs and defendant and the warrantors appealed.

## OPINION

It is contended by plaintiffs that defendant did not ask that they be relegated to an action for the value of their property, and that, even had it done so, this should not have been decreed, inasmuch as since the Constitution of 1898 payment in advance to owners of the value of property taken for railroad purposes is required.

This contention cannot be maintained, as it was held in Roussel v. N. O. Ry. & Light Co., 152 La. 517, 93 So. 758, 759, that:

"Where part of the property sued for in a petitory action is in the possession of an electric railway company having the power of eminent domain and expropriation, plaintiffs will be relegated to a right of action for damages so far as the portion

of the property in the railway company's actual possession and use is concerned."

See, further, St. Julien v. M., L. & T. R. Co., 35 La. Ann. 924; Lindner v. Y. & M. V. R. Co., 116 La. 262, 40 So. 697.

We do not understand plaintiffs to contend that the property was not in the actual possession of defendant, or that it was not actually being used for railroad purposes, or that defendant does not possess the right of expropriation.

Defendant contends that, inasmuch as the husband is personally liable for the debts of the community, and the interest of the heirs of the wife only residuary until the community is liquidated, the affairs of the community were properly administered in his succession, and the sale of the property therein legal and valid; and it cites many decisions as supporting the contention, including Oriol v. Herndon, 38 La. Ann. 760.

Neither the inventory nor the petition nor the order for the sale described the property as community property.

So much of the inventory as is pertinent here reads as follows:

"One-half community interest in and to

"All of lots 15 & 16 of Blk 2 of J. N. Howell's subdivision, Shreveport, La."

The writing of the words "One half community interest in and to" and the canceling of them by running a line through them was apparently done at the time of the making of the inventory and by the notary who made it.

The petition for the sale reads as follows:

"Succession of R. B. Pointdexter.
"No. —— District Court Caddo Parish, La.
"To the Hon'l Judge of said Court.
"Now comes Thomas B. Chase, executor of above succession, and represents that there are many debts due by said succession which should be paid, and that there are no funds on hand with which to pay them, and that a sale of all the property of said succession is necessary thereto. Wherefore he prays that an order be granted for the sale of all the property of said succession and that a commission issue to him or to any duly qualified officer to make said sale. He prays for all orders and decrees necessary, for costs, and for general relief."

The order, which is indorsed on the petition, reads as follows:

"On reading the foregoing petition, the law being in favor thereof, it is ordered that all the property, movable and immovable, of the succession of Robert B. Pointdexter, dec'd, be sold to pay debts, and, in pursuance of this order, that a commission of sale issue to Thomas B. Chase, executor, or to any duly qualified officer of Bossier and Caddo parishes, authorizing him to make said sale, after due advertisement and according to law."

We do not think this petition and order authorized the sale of the deceased wife's interest in the property. Festivan v. Clement, 135 La. 938, 66 So. 304; Ervin v. Shelby's Heirs, 146 La. 574, 83 So. 835. And especially in view of the holding in the recent case of Phillips v. Phillips, 160 La. 813, 107 So. 584, that "under Rev. Civ. Code, arts. 915, 916, 2404, 2420, wife's half interest in community property is not a mere expectancy during marriage, but is vested in her the moment it is acquired by the community. * * *"

The two-year prescription, under article 2630 of the Civil Code, pleaded by defendant, is inapplicable here.

It was held by the Supreme Court, in Amet v. T. & P. Ry. Co., 117 La. 454, 41 So. 721, that "the short prescription of two years applies only when there has been a judgment of expropriation, and the corporation has entered into possession before the payment of the compensation awarded."

And in Scovell v. St. L. S. W. Ry. Co., 117 La. 459, 41 So. 723, that, "after thor-

ough and mature consideration, this court held, in the case of Mrs. Volcy Amet v. Texas & Pacific R. R. Co., * * * (117 La. 454) 41 So. 721, that this prescription applies only where the property has been taken in pursuance of a judgment of expropriation."

Nor is the five-year prescription, under article 3543 of the Civil Code, applicable. That prescription only cures informalities growing out of a public sale. The sale, in the husband's succession, of the deceased wife's moiety of the community property, under a petition and order that did not describe the property as community property, was a radical vice, and not an informality.

The ten-year prescription, under article 3478 of the Civil Code, pleaded by defendant, had not accrued at the time plaintiffs' suit was commenced.

Jane Pointdexter was born January 17, 1891, and became of age January 17, 1912. Helen Pointdexter was born February 27, 1898, and became of age February 27, 1919. Citation was served on defendant December 29, 1921.

Under the law, as it stood when the suit was brought, prescription acquierendi causa did not accrue against one who was a minor at the time it began to run until ten years after she became of age. Sanders v. Ohio Oil Co., 155 La. 740, 99 So. 583. And, as the suit was commenced before Act No. 161 of 1920, amending article 3478, took effect, plaintiffs' rights were not affected by that amendment. The act specifically says: "Provided that this act shall take effect on January 1st, 1922."

The issues raised by the call in warranty fell with the rejection of plaintiffs' demands.

Under the law and the evidence, the judgment appealed from is correct, and accordingly it is affirmed.