Assuming for the sake of argument that a mineral interest is a servitude (the assumption being for that purpose only because I doubt seriously the correctness and soundness of our jurisprudence under which a mineral interest is held to be a servitude), I am of the opinion that the ten year non-user prescription has not been suspended as to the rights contested herein. The suspension is claimed under the provisions of Civil Code, Article 802, reading: "If among the coproprietors there be one against whom prescription can not run, as for instance a minor, he shall preserve the right of all the others." Among the coproprietors or co-owners of the forty-acre tract involved in this controversy, admittedly there are no minors or other incapacitated persons.
The cases of Sample v. Whitaker, 172 La. 722, 135 So. 38; Ohio Oil Company v. Cox, 196 La. 193, 198 So. 902; State v. Fontenot,192 La. 95, 187 So. 66; Standard Oil Company of Louisiana v. Futral, 204 La. 215, 15 So.2d 65; and Hodges v. Norton,200 La. 614, 8 So.2d 618, cited in support of the majority holding, are not directly applicable here. In the first four cited cases the incapacitated persons owned fractional *Page 287 
interests throughout the tracts of land involved. The case of Hodges v. Norton is distinguishable in that it in no manner concerned Civil Code Article 802; it presented only a question relative to the interruption of prescription by the exercise of the purported servitude.
For these reasons I respectfully dissent.