On Rehearing
PER CURIAM.
The application for rehearing in this case is largely predicated upon alleged error in the judgment heretofore rendered in this respect, to-wit:
That plaintiffs’ contention that the prescription of thirty (30) years acquirendi causa was suspended as to all persons concerned, including Mrs. Rigdon, during the period minors and an inderdict had interest in the property involved, was not upheld.
We did not specifically pass upon this contention, but, of course, it was inferentially overruled by the sustaining of the plea of prescription mentioned.
Appellants cite Article 802 of the Civil Code and the case of Sample v. Whitaker, 172 La. 722-728-729, 135 So. 38, 40 to support their position. This article and the decision do not support them. The article is to he found under the title: “Of Predial Servitudes or Servitudes of Land”. Clearly, the article refers to servitudes and not to the prescription applicable to the acquisition of land or interest therein.
In the cited case the Court said: “This article is the logical sequence of the principle that the rights of servitude are indivisible,” etc.
In the case of Heirs of Ford v. Mills & Phillips, 46 La.Ann. 331, 14 So. 845, the Court expressly sustained a plea of prescription of ten (10) years as to majors while rejecting the plea as to minors who also had an interest in the land involved.
The application for rehearing is refused.