(120 So. 389)

No. 29398.

## BODCAW LUMBER CO. OF LOUISIANA v. MAGNOLIA PETROLEUM CO. et al.

Jan. 28, 1929.

A. L. Burford, of Texarkana, Ark., Tinsley Gilmer, of Shreveport, and White, Holloman & White, of Alexandria, for appellant.

Pugh, Grimmet & Boatner and Fred Simon, all of Shreveport, for appellee.

O'NIELL, C. J. The plaintiff, claiming ownership of the oil and gas and other minerals and mineral rights in the S. W. ¼ of S. W. ¼ of Section 22, Tp. 21 N., R. 10 W., brought this suit to annul an oil and gas lease given by A. J. McCook and T. G. Hibbler to the Magnolia Petroleum Company on the land. The defendants pleaded that the mineral rights which the plaintiff once had—having reserved them from a sale of the land more than ten years ago—were never exercised and were therefore lost by the plaintiff by the prescription of ten years. The judge of the district court gave judgment in favor of the defendants, sustaining the plea of prescription and rejecting the plaintiff's demand. The plaintiff has appealed from the decision.

The case was submitted on an agreed statement of facts. The plaintiff, owning the land in fee simple, sold it to W. A. Giles on the 8th of November, 1917, subject to the following reservation, written in the deed:

"Save and except, and reserving to grantor, its successors and assigns, for the term of fifteen years within which to remove same, all of the gas, oil and minerals and mineral rights in and under said land, with the right to prospect for and exploit same, to lay, maintain and operate telephone and telegraph lines, with the right reserved to remove any buildings, machinery, pipe line, or any other property erected or placed on said land; and reserving to said grantor, its successors and assigns, a right-of-way for railroad or tramroad, not exceeding one hundred feet in width, across said land, if same shall be necessary for or desired by said grantor, its successors or assigns, such pipe line for oil and

gas and such telephone and telegraph lines and such right-of-way, however, not to infringe upon or interfere with any improvements upon said land without the payment of a reasonable amount for any damages caused thereby."

W. A. Giles sold the land to C. Powell, on the 21st of November, 1917, without making any mention in the deed of any reservation of the minerals or mineral rights, and without any statement as to how or from whom Giles had acquired title. Powell sold the land to the defendants A. J. McCook and T. G. Hibbler on the 18th of January, 1928, without making any mention in the deed of any reservation of the minerals or mineral rights, and without any statement as to how or from whom Powell had acquired title. McCook and Hibbler gave a mineral lease on the land to the defendant Magnolia Petroleum Company on the 20th of February, 1928. The plaintiff, Bodcaw Lumber Company, had given a mineral lease on the land to the Humble Oil & Refining Company, on the 13th of January, 1924. All of the deeds which we have mentioned were promptly recorded. No attempt was ever made by the Bodcaw Lumber Company or its lessee, the Humble Oil & Refining Company, to exercise the rights which were reserved by the Bodcaw Lumber Company in selling the land to W. A. Giles.

It is conceded by the plaintiff that it is settled by the repeated decisions of this court, since the decision of the case of Frost-Johnson Lumber Co. v. Nabors Oil & Gas Co., 149 La. 100, 88 So. 723, and Frost-Johnson Lumber Co. v. Sallings Heirs, 150 La. 756, 91 So. 207, that a grant or reservation of the oil and gas beneath the surface of a tract of land is nothing more than a grant or reservation of a real right, or servitude, which is subject to prescription by nonuser for ten years. The plaintiff contends that the prescription is not applicable to this case because the reservation "of the gas, oil and minerals and mineral rights in and under said land" was subject to the limitation "for the term of fifteen years within which to remove same." The plaintiff's argument, stated substantially, is that the parties to the contract, by their covenant that the right to extract the oil and gas was limited to the period of fifteen years, consented that the right should not be subject to prescription by nonuser for ten years. A sufficient answer to the argument is found in the declaration in article 3460 of the Civil Code, that an obligor cannot renounce the benefit of prescription liberandi causa before it is acquired, although he may renounce it after it is acquired. The time limit of fifteen years, within which the Bodcaw Lumber Company, or its successors or assigns, might have extracted and removed the oil and gas from the land, was inserted in the contract, not for the purpose of extending the time within which the right might be enjoyed, but for the purpose of limiting the time in which it might be enjoyed. The limitation of fifteen years, therefore, was entirely consistent with the statute of limitation, or prescription by nonuser for ten years. The Bodcaw Lumber Company had the right to begin operations for extracting and removing the oil and gas immediately—and at any time within ten years—after the contract was made. The company's right to begin operations was not suspended, and therefore the running of prescription was not suspended, by the time limit of fifteen years in which the company might have enjoyed the right if it had not been lost by prescription, by nonuser during a continuous period of ten years.

Appellant's argument is contrary to the decision rendered in Nabors Oil & Gas Co. v. Louisiana Oil Refining Co., on rehearing, 151 La. 396, 397, 91 So. 777, 778, viz.:

"The expressions in the opinion originally handed down in this case, to the effect that the stipulations in the contract of sale of

the mineral rights, by S. G. Sample to plaintiff's author in title, that the rights conveyed were to be exercised 'at all times,' or 'at any time,' made the rights imprescriptible, was not concurred in by a majority of the members of this court, as then constituted. Such a doctrine would be in direct conflict with the rule that an obligor cannot be bound by an agreement that his obligation shall not be extinguished by prescription liberandi causa. The period of prescription may be interrupted by a written acknowledgment on the part of the obligor; but, when so interrupted, it begins anew from the date of the acknowledgment. There are several pertinent articles of the Civil Code on that subject.

"Article 3459 declares:

"'The prescription by which debts are released, is a peremptory and perpetual bar to every species of action, real or personal, when the creditor has been silent for a certain time without urging his claim.'

"The word 'creditor,' in the article quoted, is synonymous with the word 'obligee,' as defined in article 3556, No. 20, viz.:

"'Obligee or creditor is the person in favor of whom some obligation is contracted, whether such obligation be to pay a sum of money, or to do or not to do something.'

"Article 3460, referring to prescription liberandi causa, declares:

"'One cannot renounce a prescription not yet acquired, but it is lawful to renounce prescription when once acquired.'

"Article 3549 declares:

"'In cases of prescription releasing debts, one may prescribe against a title created by himself; that is, against an obligation which he has contracted.'

"From the provisions quoted from the Code, it is obvious that S. G. Sample, in his sale of the mineral rights to plaintiff's author in title could not have bound himself—much less the subsequent owners of the land—by

·an agreement on his part that the real obligation or servitude which was then imposed upon his land should not be subject to the prescription liberandi causa."

And so we say that W. A. Giles, in buying the land from the Bodcaw Lumber Company, subject to the latter's reservation of the mineral rights, could not have bound himself —must less the subsequent owners of the land—by an agreement that the real obligation or servitude which was then imposed upon his land should not be subject to the prescription liberandi causa; and, as a matter of fact, the time limit of fifteen years in which the Bodcaw Lumber Company might have exercised its right or enjoyed the servitude was not an agreement that the right should not be subject to the prescription liberandi causa.

The judgment is affirmed.