O’NIELL, C. J.
 

 The defendant, Tensas Delta Land Company, has appealed from a judgment declaring that certain mineral rights claimed by the company, on a tract of land belonging to the plaintiff, E. M. Clark, were forfeited by prescription, for nonuse during a period of ten years. The right claimed by the appellant is not the right to take all, but only half, of the oil, gas, and other minerals from the land. The right was bought by the Tensas Delta Land Company from the Kimball Lumber Manufacturing Company, a former owner of the land, on the 18th of July, 1917. The Kim-ball Lumber Manufacturing Company sold the land to Phin Kimball on-the 2d of January, 1919; he sold the land to E. M. Clark and W. P. Kirkpatrick on the 5th of June, 1919; and Kirkpatrick sold his half interest in the land to Clark on the 14th of March, 1924.
 

 It is admitted that no attempt was ever made by the Tensas Delta Land Company to exercise the company’s rights upon the land; and the record shows that more than ten years had elapsed, from the date of the company’s deed, when this suit was filed. It is conceded, therefore, that, according to articles 789, 3544,
 
 *916
 
 and 3546, of the Civil Code, and the list of decisions cited in Palmer Corporation v. Moore, 171 La. 774, 132 So. 229, the servitude or real right which the Tensas Delta Land Company had on Clark’s land would he lost by prescription if the company had owned all instead of only half of the mineral rights on the land. The defense pleaded by the company is that prescription could not run against the company because Clark and the company were co-owners of the mineral rights, and therefore the company could not go upon the land to drill for the oil, gas, or other minerals, without Clark’s consent. Hence the defendant invokes the rule, contra non valentem agere nulla currit praoscriptio.
 

 What the Delta Land Company owned was not half of the right to the minerals, but the right to half of the minerals, in Clark’s land. According to article 656 of the Civil Code, it is not possible for a person to have only a part of a servitude on another person’s land, although, according to article 657, the benefits or advantages resulting from a servitude may be divided, and, according to article 542, an usufruct may be subject to any and all such limitations as the grantor puts upon it.
 

 The right which the Tensas Delta Land Company acquired from the Kimball Lumber Manufacturing Company was a servitude on the latter’s land. See list of decisions in Palmer Corporation v. Moore, 171 La. 774, 132 So. 229. Article 655 of the Civil Qode declares that one of the characteristics of a servitude is that it does not oblige the owner of the estate that is subject to the servitude to do anything, but obliges him merely to permit to be done on his estate what is necessary for the owner of the servitude to have the benefit of it. Therefore, the Kimball Lumber Manufacturing Company was obliged, and so was each subsequent owner of the land subject to the servitude obliged, to permit the Tensas Delta Land Company to go upon the land and explore for oil, gas, and other minerals, and to reduce them to possession, and account to the owner of the land for half of such oil, gas, or other minerals.
 

 Aside from the obligation imposed by article 655 of the Civil Code, upon the owner of the land subject to the servitude, the contract itself, in this instance, contained a clause allowing the Tensas Delta Land Company to enter upon the land and drill for oil, gas, and other minerals, “and to use the said land in any manner whatsoever in the business of mining, * * * as fully and freely as this vendor could use the same.” It is admitted that no request was ever made by the Tensas Delta Land Company to enter upon the land, and that no objection to such entry upon the land was ever expressed by the owner of the land, previous to the filing of this suit. The rule, contra non valentem agere nulla currit praescriptio, has no application to this case.
 

 The appellant cites and relies upon decisions maintaining that one who acquires mineral rights from an owner of only an undivided interest in a tract of land has no right to enter upon the land to explore for the minerals without the consent of the other owner or owners of the land, viz. Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277; and Gulf Refining Co. v. Hayne, 148 La. 340, 86 So. 891. The difference between those cases and this case is that in this case the grantor of the mineral rights to the Tensas Delta Land Company was the sole owner of the land.
 

 This being an action for slander of title, the plaintiff claimed damages for attorneys’ fees and for the loss of an opportunity to lease the land. The demand was rejected by the judgment of the district court, and the plaintiff, by way of answer to the appeal, prayá'for an amendment of the judgment in that respect. It is well settled that a person
 
 *918
 
 Is not liable in damages merely for being unsuccessful in defending or asserting judicially what he believes to be his right. Smith v. Albritton, 153 La. 507, 96 So. 49. The judgment rejecting the plaintiff’s demand for damages is correct, as it is in other respects.
 

 The judgment is affirmed.