O’NIELL, C. J.
 

 The plaintiffs, John W. Myers and Mrs. Fanny Tewksbury King, have appealed from a judgment rejecting their demand to be recognized as the owners of a tenth interest in the minerals or mineral rights in certain lands in Sabine parish. The defendants, who are conceded to be the owners of the lands and of the right to nine-tenths of such minerals as may be produced from the lands, pleaded that the plaintiffs’ right to.the tenth of such minerals as might be produced from the lands was lost or forfeited by the prescription of ten years, for nonuse, under articles 789, 3529, 3544, and 3546 of the Civil Code. The plea of prescription was sustained.
 

 John W. Myers claims title from his mother, Mrs. Emily Woods Myers, deceased. She and Mrs. Fanny Tewksbury King sold the lands to William T. Shearer, on the 20th of May, 1902, with this reservation, viz.:
 

 “Reserving, however, to the said vendors, Emily AVoods Myers and Fanny Tewksbury King, their heirs and assigns, forever, the one-tenth (1/10) part of all oils and minerals in, under or upon the above described property, that is, to the said Emily AAroods Myers, her heirs and assigns, forever, the one-twentieth (1/20) part of said oils and minerals, and to the said Fanny Tewksbury King, her heirs and assigns, forever, the one-twentieth (1/20) part of such oil and minerals.”
 

 William T. Shearer sold the lands to the Bowman-Hicks Lumber Company, a Missouri corporation, on the 9th of July, 1902, and, in the deed, the lumber company assumed the obligation of Shearer to recognize the mineral reservation which Mrs. Myers and Mrs. King had made in selling the lands to Shearer.
 

 More than twenty years afterwards, that is to say, on the 25th of September, 1922, the Bowman-I-Iicks Lumber Company, of Missouri, transferred all of its property, including these lands in Sabine parish, to the Bowman-I-Iicks Lumber Company, of Delaware, a reorganization of the Missouri corporation. The new corporation did not specifically recognize, or mention in the deed, a mineral reservation in favor of Mrs. Myers or Mrs. King, or in favor of any one else, but merely assumed, in the most general terms, the debts, liabilities, and obligations of the old corporation. That, of course, did not constitute a renunciation of the prescription of ten years, liberandi causa, by which the mineral rights which had been reserved by Mrs. Myers and Mrs. King were already affected. In fact, an acknowledgment merely, in a sale of land, that the mineral rights in the land were theretofore sold to a third party, does not interrupt the running of the prescription . of ten years, by which such rights are lost or forfeited for nonuse. Lewis v. Bodcaw Lumber Co., 167 La. 1067, 120 So. 859; La Del Oil Properties v. Magnolia Petroleum Co., 169 La. 1137, 126 So. 684.
 

 
 *33
 
 The defendants, Walter E. Cooke and others, hold title, as owners or lessees, under the Bowman-Hicks Lumber Company, of Delaware. It is admitted that the defendants and their authors in title have been in actual and exclusive possession of the lands continuously, as owners, ever since the Bowman-Hicks Lumber Company, of Missouri, took title and possession from William T. Shearer, on the 9th of July, 1992; and it is admitted that neither of the plaintiffs, nor any one claiming under either of them, has ever exercised or attempted to exercise any right under the reservation made by Mrs. Myers and Mrs. King, in the sale to Shearer, dated the 20th of May, 1902.
 

 It must be conceded, and as we understand it is conceded by the plaintiffs, that, if they had reserved the right to all instead of only a part of the minerals that might be produced from the lands which they sold to Shearer, their right would be barred or forfeited by the prescription of ten years, for nonuse, according to the line-up of decisions, commencing with Frost-Johnson Lumber Co. v. Nabors Oil & Gas Co., 149 La. 100, 88 So. 723, and listed in Palmer Corporation v. Moore, 171 La. 774, 132 So. 229.
 

 The plaintiffs’ theory, however, is that the prescription of ten years has been suspended because they and the owners of the lands have been the co-owners of the mineral rights, and because, therefore, the plaintiffs could not have exercised or enjoyed their share of the mineral rights without the con-sent of the owners of the lands. That might be true, under the rule, contra non valentem agere nulla currit prseseriptio, if the owners of the lands had prevented Mrs. Myers and Mrs. King from exercising the right which they reserved when they sold the lands to Shearer; but it is admitted that no attempt was ever made by Sirs. Myers or Mrs. King, or by any one for them, to exercise or enjoy the right which they reserved in their sale to Shearer. The case, therefore, is squarely within the ruling made in Clark v. Tensas Delta Land Co., 172 La. 913, 136 So. 1, 2, that the prescription of ten years, under articles 789, 3544, and 3546 of the Civil Code, is applicable to one who has the right to only a part of the minerals that may be produced from a tract of land, even though the owner of the land has the right to the other part of such minerals. In that case, the Tensas Delta Land Company had the right to half of whatever minerals were in the land, and Clark owned the land and the right to the other half of such minerals.' In deciding that the lumber company had lost its right by the prescription of ten years, liberandi causa, it was said:
 

 “It is admitted that no request was ever made by the Tensas Delta Land Company to enter upon the land, and that no objection to such entry upon the land was ever expressed by the owner of the land, previous to the filing of this suit. The rule, contra non valentem agere nulla currit prseseriptio, has
 
 no
 
 application to this case.”
 

 The judgment is affirmed.