145 So. 677

**GAYOSO CO., Inc., v. ARKANSAS NATU-RAL GAS CORPORATION et al.**

No. 31186.

Jan. 3, 1933.

Clifton F. Davis, of Shreveport, for appellant.

W. M. Phillips, of Shreveport, for appellee.

OVERTON, J.

This is a suit to recover the mineral rights to forty acres of land, situated in the parish of Bienville. The land was sold by its owner, Tandy K. Giddens, to W. M. Ashley, on December 13, 1919. Giddens excepted from the sale all oil, gas, and other minerals, which might be found under the surface, thereby reserving these minerals to himself. The reservation expressly included the right to enter upon the land, and to explore it for minerals. The rights, so reserved, were finally acquired through a regular chain of mesne conveyances by the Giddens Petroleum Company, Inc., whose name was changed by amendment to its charter, in 1928, to "Gayoso Company, Inc.," the name of the plaintiff herein.

Ashley, the owner of the surface of the land by virtue of the deed from Giddens, on September 28, 1928, which was after the reservation had been in effect for over eight and a half years, leased the mineral rights to the land to Jackson Stanford. This lease, by mesne assignments, was acquired by the Arkansas Natural Gas Corporation, one of the defendants herein, on or about March 24, 1930, over ten years after the reservation of the mineral rights was made by Giddens. After having made this acquisition, the Arkansas Natural Gas Corporation went upon the land and drilled a well thereon, which produces gas in paying quantities.

[1] The foregoing facts are taken from the plaintiff's petition. An exception of no cause of action was filed by defendant to this petition. This exception, by operation of law, admits as true the well-pleaded facts in it for the purposes of the exception. The theory upon which the exception rests is that the petition shows that the reservation, asserted by plaintiff, is extinguished by prescription.

Plaintiff, in its brief, expresses grave doubt as to the appropriateness of urging prescription under an exception of no cause of action. It is elementary that prescription must be expressly and specially pleaded. Civ. Code, art. 3464. Were it not that plaintiff has so drafted its petition as to present the question of prescription as part of the case, we should feel called upon to apply the rule that prescription must be expressly and specially pleaded. In the present instance, plaintiff, after alleging that the defendant, the Arkansas Natural Gas Corporation, has refused to recognize its claim to the mineral rights on the ground that these rights have expired by the prescription of ten years by reason of nonuse of the rights by plaintiff or its ancestors in title for that period, proceeds to allege, in five consecutive paragraphs of the petition, facts for the express purpose of showing that these rights have not expired by the ten-year prescription. Therefore, it may be considered that plaintiff, by its form of pleading, has waived its right to insist upon the urging of prescription by a formal plea, for why should it, with painstaking care, seek to show in its petition that

prescription has not accrued? This ruling, the record and briefs satisfy us, will result in injury to no one. We shall proceed therefore to consider the question of prescription.

 The effect of the reservation of mineral rights in the conveyance of land is to create a servitude in the nature of a limited usufruct on the land in favor of the person. Frost-Johnson Lumber Co. v. Nabors Oil & Gas Company, 149 La. 100, 88 So. 723; Frost-Johnson Lumber Company v. Salling's Heirs, 150 La. 756, 855, 91 So. 207, 242; Palmer Corporation v. Moore, 171 La. 774, 132 So. 229. The extinguishment of a servitude by nonuse for a given period is a prescription and not a peremption. Sample v. Whitaker, 172 La. 722, 135 So. 38. A servitude created by a mineral reservation in a sale is prescribed by nonuse of the servitude for a period of ten years for the purpose for which it was created; namely, the exploiting for minerals in the land on which the servitude rests and the reduction of them, when found, to possession. Civ. Code, arts. 789 and 3546; Frost-Johnson Lumber Company v. Salling's Heirs, 150 La. 756, 864, 91 So. 207, 245; Palmer Corporation v. Moore, 171 La. 774, 132 So. 229, and authorities there cited. There is not the slightest suggestion in this case, notwithstanding the effort made to show an interruption or a suspension of prescription, or that prescription has not accrued, that plaintiff, or any one through whom it holds, has used or attempted to use the servitude for the purposes for which it was created during the ten-year period. Therefore, it is obvious that, unless prescription has not accrued for one of the causes alleged by plaintiff, the rights asserted by it were extinguished by prescription when the Arkansas Natural Gas Corporation entered upon the land and drilled the well, and hence when this suit was filed.

 The reasons urged by plaintiff in its petition and repeated by it in its brief, why prescription has not accrued, may be divided into two general divisions. One of these is that, when Giddens made the reservation, the decisions in Frost-Johnson Lumber Company v. Nabors Oil & Gas Company, 149 La. 100, 88 So. 723, and in Frost-Johnson Lumber Company v. Salling's Heirs, 150 La. 756, 855, 91 So. 207, 242, in which it was held that the reservation of mineral rights created a servitude, to which the prescription of ten years, applicable to servitudes, is pertinent, had not been handed down, and that, until they were rendered, there was no statutory law and no jurisprudence treating such reservations as servitudes, and subjecting them to the prescription of ten years. It is urged, in this connection, that these decisions had the effect of unsettling prior jurisprudence, under which the reservation, in this instance, was made, and that to apply them to the reservation, from its date, would be to give to these decisions a retrospective effect, ousting vested rights. It is also urged, in the same connection, that the only applicability of these decisions to the present reservation is from the filing of this suit. Upon this theory, it is urged that prescription has not accrued

The position here taken by plaintiff is not sound. While the present reservation was made before these decisions became final, the decisions made no change in prior jurisprudence. This is obvious from the first part of the decision, on the second rehearing, in one of these very cases, namely, Frost-Johnson

Lumber Co. v. Salling's Heirs, where it is said substantially that it has been held repeatedly, citing the cases, that a grant or reservation of oil or gas in land carried only the right to extract such minerals from the soil, as distinguished from the ownership of the minerals in place; or, in other words, that the right was a servitude in the nature of a limited usufruct. In this, as well as in the Nabors Oil & Gas Company Case, it was held expressly, or in effect, that the prescription of ten years, applicable to servitudes, was pertinent to such rights. The rulings so made, touching the prescription applicable, it having been found that the grant or reservation was a servitude, introduced nothing new in the law, for the Civil Code, long before Giddens made his reservation and long before the reservations in the cited cases were made, provided that servitudes prescribed by their nonuse for ten years, Civ. Code, art. 789. The prior jurisprudence was not to the contrary.

▋ The second reason urged by plaintiff in its petition and argued in its brief to show why the prescription of ten years has not accrued, rests, so far as relates to the law, on article 792 of the Civil Code, which reads as follows:

"If the owner of the estate to whom the servitude is due, is prevented from using it by any obstacle which he can neither prevent nor remove, the prescription of non-usage does not run against him as long as this obstacle remains."

The fact to which plaintiff seeks to apply this article is that Ashley, to whom Giddens sold the land when he made the mineral reservation, leased the mineral rights in the land to Stanford, one of the ancestors in title of the Arkansas Natural Gas Corporation, something over a year before the expiration of ten years from the making of the reservation.

It is plaintiff's position that the granting of this lease operated as an obstacle to prevent plaintiff from enjoying its exclusive right to explore the land for minerals; that it operated as a declaration by Ashley to declare forfeited the rights reserved by Giddens and to resist their exercise, and was an active violation of Ashley's obligation to Giddens, arising from accepting the land without the mineral rights, to permit Giddens and his assigns to explore the land, since Giddens' right to explore it was, by virtue of the reservation, exclusive.

In our view none of these results follows the granting of the lease, as a matter of course, while the reservation was in force. There was nothing unusual or out of place in Ashley's doing what he did. At the time Ashley, it is true, granted the lease, he had not the mineral rights to the land to lease, but the moment the reservation would expire, the mineral rights would revert to Ashley's lessee by virtue of the lease. Until the lease expired Ashley's lessee, or his assigns, could not enter upon the land for the purpose of exploring it for minerals, for Giddens, or his assigns, held, until the expiration of the reservation, the prior right to explore the land for minerals. In these circumstances, there was no reason why Giddens, or his assigns, should not have attempted to explore the land. The granting of the lease did not constitute a placing of an obstacle in the way. Had an effort been made by Giddens, or his assigns, to exploit the land, and had the ef-

fort been met with resistance by Ashley, or his assigns, then it might be said that the resistance constituted an obstacle, placed in the way of using the servitude, with the resultant effect of suspending prescription, until removed. As no such effort was made, prescription was not suspended.

For these reasons, the judgment is affirmed.