148 So. 55

## HOLLADAY et al. v. DARBY.

No. 31250.

May 1, 1933.

Lee, Gilmer & Lee, of Shreveport, for appellants.

Fraser & Carroll, of Many, for appellee.

BRUNOT, Justice.

This is a petitory action. The plaintiffs allege that Mrs. Kate I. Holladay is the owner of an undivided $^{59}/_{64}$ and Miss Lorree Shull is the owner of the remaining $^{5}/_{64}$ of the minerals in and under the eighty acres of land described in the petition. The defendant pleaded the prescriptions of ten years liberandi causa and acquirendi causa in bar of the demands of both plaintiffs. The case was submitted on an agreed statement of facts and the court below rendered judgment in favor of the defendant and against the plaintiffs, sustaining both pleas of prescription; recognizing the defendant as the owner of the land and of the minerals in and

under the surface thereof; and dismissing the demands of the plaintiffs at their cost. From this judgment the plaintiffs appealed.

The land is described in the petition as the east half of the northwest quarter (E. ½ of N. W. ¼) of section 35, township 8, N., Range 12 W., Sabine parish, La.

This land belonged to the community of acquets and gains existing between Wm. L. Shull and his wife, Lucy M. Shull. Wm. L. Shull died intestate in 1900, leaving his widow in community, and six children, two of whom were minors, as his sole heirs. One of the major heirs died intestate in 1903, leaving four children, all minors, as his sole heirs. One of these minors died in 1906, and his mother, brother, and two sisters inherited his interest in his deceased father's estate. During the year 1905 Mrs. Kate I. Holladay became the record owner of the entire property. It is not necessary to trace her chain of title with more detail than to say that she acquired an undivided interest in the property by inheritance, other interests therein by deeds from the major owners thereof, and the minors' interests therein by purchase made in pursuance of duly homologated recommendations of family meetings held in the interest of said minors.

It is admitted that Mrs. Holladay went into actual possession of the land in 1905; that she cultivated a portion of it during that fall; and that she and those holding under her have been in the undisturbed possession thereof since that year. By a deed dated September 4, 1914, Mrs. Holladay, aided and authorized by her husband, T. J. Holladay, conveyed title to the entire property, "free from any lien, mortgage or encumbrance whatever, with full and general warranty of title and full subrogation of all rights of warranty" to W. V. Read. This deed contains the following reservation:

"The mineral rights and servitude to enter and develop same on the above described land is specially reserved to the vendor herein."

In some of the succeeding deeds this reservation is mentioned and reserved for the benefit of Mrs. Holladay; in others it is not mentioned.

This suit was filed January 6, 1930, or fifteen years and four months after W. V. Read had acquired the title to the land, and it is admitted that no development or attempt to develop, or prospect for the minerals underlying the said land, or any part thereof, was ever made or undertaken. It is also admitted that Miss Lorree Shull was twenty-eight years and five months old when this suit was filed, and that Maude Shull and Wesley Shull, her coheirs, whose interests she alleges she acquired in December, 1929, were aged, respectively, thirty-six and thirty-one years at that time. These admissions leave no doubt in our minds that the ten-year prescriptions, acquirendi and liberandi causa, were properly pleaded and are a bar to any recovery by Mrs. Kate I. Holladay, or by Miss Lorree Shull, for the interests she alleges she acquired in the property from her mother and her sister Maude, and brother Wesley, all of these persons having attained the full age of majority more than ten years before the execution of their quitclaim deeds to Lorree Shull.

Several incidental questions are discussed in the briefs filed herein, but they pertain largely to defendant's plea of estoppel,

and, as we are of the opinion that defendant's plea of ten years' prescription acquirendi causa is a bar to Lorree Shull's recovery of any part of the land, we may pretermit consideration of those questions, except to say that while servitudes are indivisible, the benefits or advantages resulting from a servitude may be divided. Clark v. Tensas Delta Land Co., 172 La. 913, 136 So. 1; Myers v. Cooke, 175 La. 30, 142 So. 790.

■ The rule, in this state, that the reservation of minerals is the retention of a servitude that may be extinguished by voluntary nonuser for ten years, is too well established to require citation of authorities. Civ. Code, art. 3478, as last amended by Act No. 64 of 1924, is now as follows:

"3478. He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minor; provided that this prescription once it has begun to run against a party shall not be interrupted in favor of any minor heirs of said party."

Neither the good faith of Mrs. Kate I. Holladay, as W. V. Read's vendor, nor of W. V. Read, nor of any one of those subsequently acquiring the title to the property, including the defendant in this suit, is questioned. They all bought on the faith of the record. Their titles, on their face, are translative of the property, the actual possession in Mrs. Holladay has followed the chain of title, and, as it is admitted that Miss Lorree Shull was over twenty-eight years of age when this suit

was filed, it is clear that the demands of both plaintiffs are barred by the prescriptions pleaded, regardless of whether or not the irregularities in the proceedings and recommendations of the family meetings, resulting in the assignment of the minors' interests in the property, are correctly charged in the plaintiffs' petition.

For the foregoing reasons, the judgment appealed from is affirmed at the appellants' cost.