**COLGIN v. HARRIS et al.**
No. 793.

District Court, W. D. Louisiana, Shreveport Division.

May 12, 1939.

Richard A. Dowling, of New Orleans, La., for complainant.

Hoye Grafton, of Shreveport, La., for respondent.

PORTERIE, District Judge.

In the year 1919 the plaintiff, the defendant Harris, and one Sherwood were owners in indivision of a tract of land and three-quarters of the mineral rights thereto. In September of that year the plaintiff and Sherwood sold their interests to defendant, reserving only one-quarter of the mineral rights in indivision. Plaintiff, now asserting ownership of one-half of one-fourth of these mineral rights, has brought suit in equity against the defendant Harris on the ground of belief that this defendant has received certain moneys from an oil company in the way of royalties. Plaintiff seeks a declaratory judgment declaring him to be the owner of one-half of one-quarter, or one-eighth mineral right to the property described in the petition.

■ The defendant has replied with a motion to dismiss, based on several grounds, among which is that of prescription of ten years liberandi causa, based on non-user of the reserved mineral rights from September 26, 1919 to the date of filing of complaint, August 15, 1938, a period of practically 19 years. The complaint asserts no interruption. This plea of prescription must be sustained. Frost-Johnson Lumber Co. v. Salling's Heirs, 150 La. 756, 91 So. 207. Civil Code, Arts. 789 and 3546; Sample v. Whitaker, 172 La. 722, 135 So. 38; Clark v. Tensas Delta Land Co., 172 La. 913, 136 So. 1; Gayoso Co., Inc. v. Arkansas Natural Gas Corp., 176 La. 333, 145 So. 677.

■ The argument of petitioner that Act No. 205 of 1938 has rendered the above

articles of the Code inapplicable to mineral leases, and has changed the prescriptive period, well settled by jurisprudence, cannot be sustained. This recent act of the Legislature of Louisiana merely provides a remedy to a lessee in that it declares him to have a real right, assertible in the courts. It is procedural in character and does not change nor affect the substantive law.

It was peculiarly within the province of the writer of this opinion, for he was Attorney General of Louisiana during the 1938 session of the Louisiana Legislature, to know that Act No. 205 of 1938 has as its legislative purpose to give relief from the ruling in the then very recent case of Gulf Refining Co. of Louisiana v. Glassell, 186 La. 190, 171 So. 846.

In that case a lessee of an oil and gas lease filed a petitory action against the defendants who had brought in a well on certain property, alleging that they were trespassers on the land, and claiming the exclusive right to the possession of the land for the purpose of extracting the minerals therefrom. Exceptions of no right of action and no cause of action were filed by the defendants on the grounds that the plaintiff, having alleged that he was a lessee, did not have the right to institute a petitory action, particularly where the lessor had not joined in it. The exception was maintained in the court below, and on appeal the Supreme Court affirmed the decision.

A recent review entitled "The Louisiana Legislation of 1938", one of its two authors being Dean Paul M. Hebert of the Louisiana State University Law School, when treating of Act No. 205 of 1938, concludes as follows: "By defining a mineral lease as a 'real right', the 1938 Act brings the right of the lessee (such as in the Glassell case) within the operation of the articles of the Code of Practice permitting petitory actions. The act will place at rest the consternation caused in the oil industry after the Glassell decision which, although entirely correct from a legal standpoint, was regarded as undesirable."

The plea of prescription being maintained, the other grounds comprising the full motion to dismiss need not be considered.

Judgment will be rendered and signed accordingly.