**CRAWFORD et al. v. TEXAS CO.**

**Civ. A. No. 3321.**

United States District Court
W. D. Louisiana, Shreveport Division.

Sept. 17, 1951.

Lunn & Trichel, Shreveport, La., for plaintiffs.

D. Douglas Howard, New Orleans, La., for defendant.

DAWKINS, Chief Judge.

This is an action to cancel whatever rights the defendant company may have in the minerals of a certain tract of land which it conveyed to the ancestor in title of the plaintiffs more than twenty-five years ago. The conveyance reserved the minerals for a period of twenty-five years and as long thereafter as they were produced. Defendant moved to dismiss the complaint for failure to state a claim entitling petitioner to the relief sought.

By whatever name or form one conveys or reserves the rights to minerals in land, a servitude alone is acquired or retained, entitling him to go upon the land and explore therefor and, if found, to produce them on the terms and conditions stipulated. It is impossible to thus acquire the minerals separate and apart from the soil. Frost-Johnson Lumber Co. v. Salling's Heirs, 150 La. 756, 91 So. 207. By

the failure to exercise the servitude in a bona fide undertaking to find and develop those minerals, under Article 789 of the Revised Civil Code of Louisiana, for a period of ten years, the right prescribes, but like all other prescriptions, must be pleaded and proved by the one owning the land, for the simple reason that it may be waived by knowingly permitting its exercise in a manner to warrant the conclusion that it will not be claimed.

In this case, the period stipulated was, as stated, twenty-five years, but the plaintiff makes no mention of this excess of some fifteen years over the permissible time provided by the Civil Code. The complaint does allege that the twenty-five years had expired, when this suit was filed, without any bona fide effort to exercise the servitude. The delay could be prolonged or extended only by good faith efforts at development within the primary period, and in view of the charges contained in the complaint, the motion to dismiss will be referred to the merits, leaving the issues to be decided upon the evidence which is submitted at the trial.