### TEXAS CO. v. CRAWFORD et al.
### No. 14853.

United States Court of Appeals
Fifth Circuit.
May 11, 1954.

D. Douglas Howard, New Orleans, La., for appellant.

Milton Trichel, Jr., Wilburn V. Lunn, Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought May 14, 1951, by the successors in title to Ben L. Crawford and Louis Z. Crawford, to whom the appellant, defendant below, had, by instrument of October 26, 1925, granted the property in suit, subject to a mineral reservation or lease [1] in its favor for a period of twenty-five years, the suit was to clear the title of the lease or reservation thereon, or, in the alternative, if this relief should be denied, for a judgment ordering the adequate development of the minerals on the property.

The claim was that the lease or reservation having been made for a fixed term of twenty-five years and "as much longer thereafter as oil, gas, or other minerals * * * is being produced from said land", and the said term having expired without production in paying quantities having been obtained, the reservation had expired and was of no further force and effect, and plaintiffs were entitled to a decree removing the cloud on its title cast thereby.

Defendant filed a motion to dismiss which, in an opinion [2] filed in the cause, the court referred to the merits, and an answer in which, attaching the two instruments referred to, Exhibits D–2 and D–3,[3] it pleaded the execution by plain-

---

[1]. It expressly provided:

"It is expressly understood and agreed by the parties hereto that there is reserved and excepted from, and not included in, this sale or conveyance, the oil, gas, coal, sulphur and all other minerals of whatsoever character that may now be on, or that may hereafter be discovered on, in or under the aforesaid described tract of land, together with the rights and privileges of ingress and egress thereon, and the full right and privilege of grantor, its successors or assigns to the use of so much of the surface of said land as may be necessary to build and erect thereon necessary works and appliances to facilitate the development, exploitation and operations for the removal of such minerals, including the right to dig and construct earthen storage on the surface of said land, and the right to lay and construct, operate and maintain all such pipe line or lines and telegraph and telephone lines as may be necessary or required in connection with said operations, or incidental thereto; said reservation is made for a period of twenty-five years from the date hereof, and as much longer thereafter as oil, gas and other minerals, or any one of them is being produced from said land. Should the grantor, its successors or assigns, at any time thereafter, produce any of the above minerals in paying quantities, it agrees to pay to the then owner of the surface of that portion of said land yielding such production, the following royalties thereon, * * * *" (then follows elaborate provisions for royalties).

[2]. Crawford v. Texas Co., D.C., 99 F.Supp. 766.

[3]. This instrument, reciting "the reservation and exception for a period of twenty-five years", theretofore made by their predecessors in title and that this reservation was recognized and prescription as to it waived by instrument dated Aug. 19, 1935, and declaring that grantors recognized the present ownership of oil, gas and other minerals in the Texas Company and acknowledged the interruption of any prescription accruing or that might have accrued against said reserva-

tiffs on June 1, 1945, of an acknowledgment of the interruption of prescription. Alleging, as plaintiffs in their suit had done, that during the twenty-fifth year following the deed of October 26, 1925, it had drilled two wells upon the property, but not denying plaintiffs' allegations that they had not produced and were not producing oil in paying quantities, it nevertheless alleged that because of the execution of the two acknowledgements D–2 and D–3 and the drilling of the two wells, it had discharged its full obligations to plaintiffs and was still the owner of the reserved interest, and plaintiffs' suit should, therefore, be dismissed.

Thereafter, defendant and plaintiffs each filed a motion for summary judgment on the pleadings and exhibits and the uncontradicted affidavit of one Thacker, to the effect that no oil, gas, or other minerals have been produced in paying quantities from the land in controversy. These motions having been fully presented and argued, the district judge filed an opinion [4] in which, setting out all the documents, fully stating the case, and giving his reasons for so doing, he decided in favor of plaintiffs and caused judgment to be entered accordingly.

The defendant, appealing from the judgment, is here insisting in effect and in short that, though the execution of the 1945 acknowledgment of the interruption of prescription, on which it relies, expressly limited the term granted therein and thereby to five years, the time remaining of the original reservation of twenty-five years, the drilling of the wells within that period, though in law and in fact unproductive, had the effect in law of extending the life of the reservation for another ten years beyond the granted term.

It is this contention on appellant's part and the counter contention on appellees' part, that the time granted, both in the original reservation and in the 1945 acknowledgment and grant, having expired without production having been obtained in paying quantities, the reservation expired beyond the power of the drilling to extend it, which presents the sole question for our decision.

For the reasons stated by the district judge in his opinion on the motion to dismiss, note 2, supra, and in his opinion on the merits, note 4, supra, and the additional reasons which we shall state, we are in no doubt that the judgment was right and must be affirmed.

A reading of appellant's brief and a consideration of its oral argument, makes quite plain the basic difference between its approach to the question presented and the approach of the appellees and the district judge.

Appellant treats the instruments, under which it claims title, as reserving or granting, as the case may be, a mineral servitude limited only by the operation of the liberative prescription of ten years, and, therefore, affirmatively extended by each acknowledgment for another ten years. Appellees treat the servitude as contractually limited in and by the original grant to twenty-five years and expiring twenty-five years later in 1950, and the district judge treats it as further contractually limited to five years in the 1945 grant and acknowledgment of the interruption of prescription, and, therefore, expiring in 1950, five years afterward. It is this difference in approach and conception which produces the difference in their views.

---

tion, went on "to grant, convey and deliver unto the said The Texas Company anew all the oil, gas and other minerals in and under the hereinabove property for a period of five years from and after Oct. 26, 1945". The instrument further declared that this *acknowledgment is not only made and executed in furtherance of* the hereinabove men-

tioned agreement with the Texas Company *for the purpose of granting it said rights anew but for the purpose of interrupting any prescription which might have accrued or may be accruing against the said company.*

4. Crawford v. Texas Co., D.C., 114 F. Supp. 218.

Thus the position of the appellees and the district judge gives effect to the contracts of the parties as set out in the instruments, that of the appellant ignores the contracts of the parties by writing the time limit out of both grants. It writes the twenty-five years period out of the 1925 instrument upon the theory stated in its brief that, since the ten year liberative prescription could not be avoided by extending the period in advance,[5] the period of twenty-five years for the servitude, fixed in the original contract, was null and void, and the contract must be read as though it were for ten years, with the result that more than ten years having passed since the reservation, the rights of the parties must be determined as though there were no contractual limitation upon the duration of the servitude. It writes out and disregards the five year period, fixed in the 1945 acknowledgment and grant as the duration of the servitude. It ignores the contractual limitation upon the servitude, fixed (1) by expressly referring to and renewing the original twenty-five year limitation, and (2) by making the new grant for five years, thus bringing the new grant into accord with the original period of twenty-five years, by which it was made doubly clear that the servitude would come to an end in 1950 unless oil or gas in paying quantities was found before the time fixed for its expiration.

We think this theory of defendants, which erroneously treats the acknowledgments of the interruption of the liberative prescription as operating to grant new servitudes inconsistent with the contractual limits of the original reservations, instead of, as they really do operating to free the contractually granted servitude from the prescription which would otherwise extinguish it, will not at all do. Resulting as it does from treating as a limitation upon the right of contracting as to servitudes, the extinguishment of the servitude by the operation of the liberative prescription, it runs counter to the teachings of general jurisprudence with respect to the difference between the meaning and effect of a contract and the effect on contracts of statutes of prescription and limitation. It is in direct conflict with the law of Louisiana as it is stated in cases and text books.

In the first place, as stated by Judge Dawkins in his opinion on the motion to dismiss, "by the failure to exercise the servitude in a bona fide undertaking to find and develop those minerals, under Article 789 of the Revised [LSA] Civil Code of Louisiana, for a period of ten years, the right prescribes, *but like all other prescriptions, must be pleaded and proved by the one owning the land, for the simple reason that it may be waived*". (Emphasis supplied.)

In the second place, the contention of the appellees and the decision of Judge Dawkins in this case, that a contractual limitation on a servitude is binding and effective is the settled law of Louisiana. This is clearly pointed out and the authority[6] for it cited at pages 177 and 178, of Vol. 25, Tulane Law Review, in the thorough going and well reasoned article by Professor Nabors,[7] thus:

"A contract for a definite-term mineral servitude, as for example, for a period of thirty-five years, will prescribe at the end of ten years from the date of the contract unless prescription is interrupted either by use or by a subsequent agreement. Although an agreement for a definite-term mineral servitude does not relieve the purchaser from liberative prescription, the disadvantageous feature of a definite-term provision

5. Lewis v. Bodcaw Lumber Co., 167 La. 1067, 120 So. 859; Bodcaw Lumber Co. of Louisiana v. Magnolia Pet. Co., 167 La. 847, 120 So. 389; Arent v. Hunter, 171 La. 1059, 133 So. 157.

6. Hodges v. Norton, 200 La. 614, 8 So.2d 618.

7. The Louisiana Mineral Servitude and Royalty Doctrines, A Report to the Mineral Law Committee of the Louisiana State Law Institute.

will be enforced against the purchaser of the mineral interest, and thus a mineral servitude will terminate at the end of the contractual period even though operations which interrupt prescription result in the production of oil which will extend beyond the contractual term. A mineral servitude which combines a definite term which exceeds ten years with an agreement that the mineral servitude is to last as long as oil is produced after the definite term requires interruption of liberative prescription within the definite term in order for the extension by production to become effective. * * * "

Further, a reading of the interesting and thorough opinion in the cited case shows that, and exactly why, this is so, and that the judgment here appealed from should be affirmed.

Affirmed.