O’NIELL, O. J.
 

 The relator has appealed from a judgment dismissing his suit on an exception of no cause or right of action. The demand was for an injunction to prevent interference by the municipal authorities with the building of a grocery store on relator’s lot on Ida street in the neighborhood of Carrollton avenue and Dumaine street, and for a mandamus, if necessary, to compel the municipal authorities to issue a permit to construct the building.
 

 The case has been in the courts longer than was necessary. It was filed on the 27th of August, 1923. There was then no zoning ordinance forbidding a business establishment in that neighborhood. Relator averred that he had complied with the building code by submitting his plans and specifications to the city architect; that the latter had examined and approved the plans and specifications and agreed to grant the permit, and that he, relator, had entered into a contract for the building, but that afterwards the municipal authorities arbitrarily refused to issue the permit and threatened to stop the work, notwithstanding there was no violation of any municipal ordinance. A preliminary injunction was issued ex parte.
 

 On the 2Sth of September, 1923, the municipal council adopted Ordinance No. 7541 0. C. S., the fifth section of which is invoked as the defense to this suit, viz.:
 

 “That, from and after the passage of this ordinance, it shall he unlawful for any person, firm or corporation to establish, erect or operate any sort of business, trade or manufactory in or on any square of block between North Carrollton avenue from Toulouse street to City Park avenue or within one hundred and fifty feet on any one of its sides.”
 

 The city answered the suit on the 18th of October, 1923, without theretofore filing any pleading or making any appearance in the case, or any attempt to dissolve or bond or stay the injunction. The contractor, therefore, proceeded to construct the building.
 

 The city admitted, in her answer to the suit, the relator’s allegation that the municipal authorities “refused to issue the promised permit,” and admitted that they intended to forbid’ the contractor to proceed with the construction of the building. The city admitted also that, at the time when relator made application for the building permit, there was no ordinance prohibiting any business establishment in that locality, but averred that the municipal council “was then contemplating the introduction of an ordinance seeking to prohibit business enterprises on Ida street, as well as on Dumaine street and Carrollton avenue, in that locality”; averred that there were numerous protests against relator’s application for a building permit, and that, for that reason, “coupled with the intention of respondent to zone all similar localities,” the permit was refused, and that immediately thereafter Ordinance No. 7541 C. O. S. was introduced and adopted on the *25th of September, 1923. A certified copy of the ordinance was annexed to and made part of the city’s answer to the suit.
 

 When the case was called for trial, in March, 1924, the city filed an exception of no cause or right of action, and on the same day relator moved for a judgment 'in his favor on the petition and answer, under the provisions of the Act No. 300 of 1914, p. 612. Having heard arguments on the defendant’s exception of no cause or right of action and on the relator’s motion for a judgment on the plead
 
 *863
 
 ings, the court overruled the relator’s motion for a judgment on the pleadings, sustained the defendant’s exception of no cause or right of action, and dismissed the suit. The reason given for the judgment was that the preliminary injunction was issued improvidently, before this court had decided that the zoning ordinances of the city were valid. The judge must have overlooked the fact that the decision in State ex rel. Civello v. City of New Orleans, and the decisions in the four companion cases, 154 La. 271, 295, 97 So. 440, 448, 33 A. L. R. 260, maintaining that the so-called zoning ordinances were within the police power of the city, were rendered on the 11th of July, 1923, 47 days before the preliminary injunction was granted in this case
 

 Before taking an appeal, relator filed a motion for a new trial in the court below contending that the Ordinance No. 7541 C. O. S. was unconstitutional, for various reasons stated in the motion, which was overruled.
 

 Appellant’s main argument is that the ordinance was not applicable to this case because it was not intended to have and could not legally have a retroactive effect. It is admitted that the construction of the building was proceeded with and completed soon after the suit was filed; and, as far as the record shows, the building may have been completed and occupied as a grocery store before the ordinance was adopted. It is admitted that the ordinance did not — and was not intended to — abolish places of business established before the ordinance was adopted.
 

 The city attorney argues that the municipal authorities had the right to withhold the permit in anticipation of the introducing and passing of an ordinance forbidding business establishments in that locality, even after the city architect had approved the plans and specifications and consented to issue the permit. State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A. L. R. 260, is cited in support of the argument. In Civello’s Case the city architect refused to issue the building permit because there was an ordinance forbidding the construction of a business establishment in the locality in question; and, on the next day after the mandamus suit was filed,, the municipal council, having some doubt about the validity of the ordinance, enacted another ordinance zoning the locality. It was said in the opinion rendered in the case that, even though the first ordinance might have been invalid, the city architect was not obliged to disobey it, and that Civello had not acquired a vested right, by applying for a permit, to build in the forbidden locality. Perhaps the doctrine of the decision will have no application to this case when it is heard on its merits.
 

 It is argued on behalf of the appellant that the Ordinance No. 7541 C. C. S. is invalid, or at least without effect in this case, because the description of the area said to be zoned, “in or on any square or block between North Carrollton avenue from Toulouse street to City Park avenue or within one hundred and fifty feet on any one of its sides,” is too indefinite, if in fact it has any meaning. That is a matter to be determined first by the court having original jurisdiction, if the court finds that the ordinance was adopted in time to affect this ease.
 

 The judge’s refusal to render judgment on the petition and answer is not subject to review by appeal. Act No. 300 of 1914, p. 613. The relator’s petition, however, did disclose a cause and right of action, and he was therefore entitled to a trial of the ease on its merits, after the court had overruled his motion for a judgment on the petition and answer.
 

 The judgment appealed from is annulled, the defendant’s exception of no cause or right of action is overruled, and the case is ordered remanded to the civil district court for further proceedings consistent with the foregoing opinion.
 

 Motion to amend decree refused because not necessary. Rehearing refused May 23, 1927'