This is a petitory action in which the plaintiff alleged that he is the owner of a triangular shaped piece of ground containing 76/100 of an acre and also three acres of ground, both pieces being located near the town of Norwood, Louisiana. The plaintiff set forth his chain of title and has offered the deeds in evidence as far back as 1891 on the 76/100 of an acre and as 1892 on the three acres.
The defendant answered and prayed that she be declared the owner of the property in dispute by virtue of thirty years uninterrupted and adverse possession, and the attorney for the plaintiff filed a motion asking for a judgment on the pleadings upon which the minutes show the Court reserved its ruling and ordered the case to proceed on its merits.
After trial, there was judgment recognizing the plaintiff as the lawful owner of the property in dispute and, as such, entitled to the full and undisturbed possession thereof. From this judgment the defendant appealed after stipulating that the amount in dispute was more than $100.00 and less than $2,000.00.
Plaintiff, in his brief and argument, has reurged his motion for judgment on the pleadings which is based upon the proposition that the defendant admitted in her answer the correctness of plaintiff's chain of title and that the plaintiff did have title to the property in dispute but alleged that she was entitled to the ownership of the property in view of the fact that she had been in possession for seventeen years and her ancestors in title had been in possession for a sufficient number of years to make the required thirty years possession. In other words, she attempted to tack on to her own possession that of her ancestors in title in order to make up the required thirty years possession.
Under Act No. 157 of 1912, § 1, subd. 4, as amended, Act No. 27 of 1926, it is discretionary with the trial judge to make the rule absolute and render judgment on the pleadings. Strange v. Carraway, 159 La. 61, 105 So. 225. The judge's refusal to render judgment on the petition and answer is not subject to review by appeal. State ex rel. Sansome v. City of New Orleans,163 La. 860, 113 So. 126. An appeal lies when the trial judge makes the rule absolute and grants judgment. It is only when he has arbitrarily abused his discretion that we are called upon to pass upon his ruling on appeal. In this case the defendant has pleaded the prescription of 30 years. Evidence necessarily had to be taken on this plea.
It is well established in our jurisprudence that for the purpose of claiming land under the prescription of thirty years, several successive possessors cannot be joined to show a continuous adverse possession unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. Buckley v. Catlett, 203 La. 54, 13 So.2d 384; Ford v. Ford, La. App., 34 So.2d 301; Sibley v. Pierson,125 La. 478, 51 So. 502; Harang v. Golden Ranch Land Drainage Company, 143 La. 982, 79 So. 768; Emmer v. Rector, 175 La. 82,143 So. 11. Therefore, in order for the defendant to add the possession of her vendors to her own, defendant's title and the titles of those whose possession she seeks to add to her own must include the property in dispute, else there is no "privity of estate or contract."
The defendant admitted that the record shows the plaintiff to be the owner of the two pieces of property in dispute and as described in Article 1 of plaintiff's petition, but alleged that the plaintiff and defendant had a common boundary line in so far as the 76/100 of an acre was concerned, that is, that plaintiff's boundary on the west was the Town of Norwood, which was also *Page 75 
the western boundary line of the defendant. The defendant's deed on its face includes a triangular piece of land referred to as containing 76/100 of an acre and, therefore, under the jurisprudence above cited she could tack on the possession, if any they had, of her ancestors in title in order to sustain the plea of thirty years prescription.
As to the fifty foot strip across the three acre tract which is in dispute, she could not tack on the possession of her ancestors in title as this piece of land was not included in her title when she purchased. The eastern boundary line of the Town of Norwood as shown by the map introduced is the eastern boundary of a fifty foot street which was never worked nor used as a street, and the fifty foot strip of land across the three acres which was just to the north of the Town of Norwood is a continuation of this street. According to defendant's title, her land is bounded by the Town of Norwood on the west, which would be the eastern line of the fifty foot strip in dispute, and the eastern line of the three acres which clearly did not include the street nor the fifty foot strip. As defendant had only been in possession seventeen years and could not tack on any other possession as her deed did not include this piece of property, her plea of thirty years prescription on its face clearly must be denied. Even regardless of this fact, there is no evidence that Dr. Gayden nor his heirs from whom the defendant claims to have acquired the property on October 6, 1930 ever had adverse possession of this fifty foot strip of land.
As to the small triangular piece of ground in dispute, it is shown that on March 6, 1911 Dr. A. Gayden sold by warranted title to West the triangular piece of ground which was presumed or rather stated in the title to contain 76/100 of an acre. This triangular piece of ground was inherited by the heirs of William A. West and by them transferred to one Lou G. Vickers and by the said Lou G. Vickers on August 11, 1947 transferred to the plaintiff herein. On October 6, 1930 Mrs. Octavia G. Roberts, who was the daughter of Dr. Gayden, sold to the defendant herein 96 acres of land which, according to the description, included the triangular piece in dispute. It was not excepted in this sale. However, if West allowed Dr. Gayden to retain the possession it was through sufferance. There is no evidence in the record that Dr. Gayden ever held adverse possession of this small triangular piece of ground. His heirs, having accepted his succession unconditionally, did not have any greater right than their father, in fact, they became warrantors of West and there is no evidence that they had adverse possession. The prescriptive period on behalf of the defendant only began to run from the date of her acquisition, that is, October 6th, 1930, as to this triangular piece of ground. Therefore, defendants' plea of thirty years prescription as to the triangular piece of ground must be denied.
Counsel for defendant in a supplemental brief stated that "as an afterthought on the part of the defendant-appellant, may it call this Court's attention to two important articles of the Civil Code for the State of Louisiana for the year 1870 as amended." Counsel then cites and quotes Article 3478 to the effect that he who acquires an immovable in good faith and by just title prescribes for it in ten years, and he also cites Article 3479. In this manner, he is attempting to invoke the ten year prescriptive period which cannot be done for "it is elementary that prescription must be expressly and specially pleaded. Civil Code, art. 3464." Gayoso Co. v. Arkansas National Gas Corporation, 176 La. 333, 145 So. 677, 678. The Courts cannot supply the plea of prescription and we therefor cannot consider defendant's argument with regard to the ten year prescription where this prescription has never been pleaded.
The western boundary of the triangular piece of land which it is stated contains 76/100 of an acre is the eastern boundary of plaintiff's land. The surveyor appointed to locate this triangular piece of ground extended the point of intersection of the eastern and western line of the triangular piece of land too far south. It should *Page 76 
not extend any further south than the southeast corner of the three acre tract for in the description of this piece of property it is bounded on the south by Gayden and West (now defendant and plaintiff) and west by land of William A. West (now plaintiff). The surveyor has extended it to a point opposite the southeast corner of Block 12 of the Town of Norwood. Plaintiff cannot obtain more than his deed calls for, that is, to the southeast corner of the three acre tract.
It is ordered that the judgment of the District Court be affirmed except that it is hereby ordered and decreed that the eastern boundary line of the triangular piece of ground be extended only to the southeast corner of the three acre tract in accordance with the description contained in plaintiff's deed.
As thus amended the judgment of the District Court is hereby affirmed.